FRED N. ACKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45575.   Filed April 17, 1956.

*Fred N. Acker, pro se.*
*James F. Kennedy, Esq.,* for the respondent.

110

## OPINION.

PIERCE, *Judge:* Petitioner has not challenged the deficiencies. He disputes only the imposition of the several additions to the tax; and even as to these, he waived in his petition any question respecting those imposed under section 291 (a) for failure to file returns, and he indicated at the hearing that he does not seriously question those imposed under section 294 (d) (1) (A) for failure to file declarations

of estimated tax. His principal objection is to the additions to the tax for fraud, under section 293 (b). But he further contends that, in any event, the additions under section 293 (b) for fraud and those under section 291 (a) for failure to file returns, cannot be imposed concurrently; that, similarly, the additions under section 294 (d) (1) (A) for failure to file declarations of estimated tax, and under section 294 (d) (2) for substantial underestimate of estimated tax, cannot be imposed concurrently; and, finally, that if all the additions to tax determined by the respondent are imposed concurrently, then these, together with the criminal penalty imposed upon him, would result in the infliction of "cruel and unusual punishments" in violation of the Eighth Amendment to the Constitution of the United States.

*I.*

As to the additions to the tax for fraud, imposed under section 293 (b), petitioner's basic position is that, not having filed a return, he made no affirmative misrepresentation of any material fact; that the making of such a misrepresentation is generally regarded to be an essential element of fraud at common law; and that the same should be true here. In short, he contends that where no return has been filed, there can be no "fraud with intent to evade tax," within the meaning of section 293 (b); and that the only addition to the tax which can be applied in such situation is that provided by section 291 (a) for failure to file a return. We do not agree.

Here, we are not dealing with common law fraud; but rather with the statutory concept of "fraud with intent to evade tax"—an offense for which Congress has provided one of the several sanctions that are embodied in the Internal Revenue Code for the purpose of promoting the orderly and punctual administration of the Federal income tax system. In *Spies* v. *United States*, 317 U. S. 492, the Supreme Court said:

The United States has relied for the collection of its income tax largely upon the taxpayer's own disclosures * * *. This system can function successfully only if those within or near taxable income keep and render true accounts. In many ways taxpayers' neglect or deceit may prejudice the orderly and punctual administration of the system as well as the revenues themselves. Congress has imposed a variety of sanctions for the protection of the system and the revenues. * * *

The penalties imposed by Congress to enforce the tax laws embrace both civil and criminal sanctions. Invocation of one does not exclude resort to the other. *Helvering* v. *Mitchell*, 303 U. S. 391. The most severe of the civil sanctions is that imposed under section 293 (b) for fraud. A taxpayer's failure to perform any of his duties incident to the system, even through negligence, may bring into play one or more of the lesser sanctions; but when such breach of duty is com-

bined with a willful and positive attempt to defeat the statute or evade tax, in any manner or by any means, then there exists an offense of much more serious character, which Congress has designated in section 293 (b) by the term "fraud with intent to evade tax." The sanction imposed for this offense, by which there is added to the tax an amount equal to 50 per cent of the total amount of the deficiency, is the capstone of the system of civil sanctions. [1]

Such willful attempt to defeat the statute or evade tax may be inferred from any conduct calculated to mislead or conceal; and it may be found not only in a situation where one of the methods employed was to file an intentionally false return, but also where the method involved a willful failure to make any return whatever. This Court has, in a number of cases, approved the imposition of the sanction under section 293 (b), where no return was filed. See, for example, *A. Raymond Jones*, 25 T. C. 1100; *Arthur M. Slavin*, 43 B. T. A. 1100, 1110; *Ollie V. Kessler*, 39 B. T. A. 646; *Pincus Brecher*, 27 B. T. A. 1108.

In the instant case, after hearing petitioner's testimony and considering all the evidence, we have no doubt that respondent correctly applied the provisions of section 293 (b). Petitioner is an alert, intelligent, and well educated man. He was, during the years involved, an attorney at law, and also an officer or principal partner in several business organizations. He had a good working knowledge of accounting; was familiar with the Federal income tax laws; and was fully aware of his duties and obligations thereunder. He knew and concedes that he knew that, at least as early as the year 1939 and for each of the 10 years thereafter, his gross income was sufficient to require the filing of an income tax return, and that for each of the years here involved he had taxable net income in respect of which he was obligated to, but did not, make any self-disclosure or pay any income tax. At the hearing before this Court, he said:

The record is also clear that in 1939, '40, '41, '42, '43, '44, '45, '46, '47, '48 and '49, I made enough gross income to have at least * * * filed a return.

\* \* \* \* \* \* \*

The record shows that I have taxable income in 1941, very small amount; [and] in '45 and '46; and while it is only stated generally in the record, I had taxable income in '47, '48 and '49. * * *

\* \* \* \* \* \* \*

now it can be admitted that I knew that March 15 was here in each one of these years, and that I consciously, knowingly and deliberately let it pass by.

---

[1] At the hearing before the Senate Finance Committee on the Revenue Act of 1921, Dr. T. S. Adams, an advisor to the Treasury Department, testified that what "is really meant to be provided for [by section 205 (b) of the 1921 Revenue Act, which was similar to section 293 (b) of the 1939 Code] is, attempts to defeat or evade the statute." Hearings, Revenue Act of 1921, Senate Finance Committee, 67th Cong., 1st Sess., p. 255. See also *Spies* v. *United States, supra.*

He also testified:

if I made a return, for instance, in 1944 I had to say when I made my last return and I was deeply conscious that when I had set the die in 1939 when I had that taxable income, that being a human being I knew I was in danger, and like any human being I shrug from danger, but I nevertheless persisted on principle. * * *

This statement is, in itself, an admission that one of the reasons for his continued failure to file returns was to conceal his prior years' defalcations.

We reject petitioner's assertion that his motive for such willful conduct was not to evade tax, but merely to give effect to a deep-seated conviction, previously expressed in after-dinner speeches, that the rates for income taxes as fixed by the statute were confiscatory and unconstitutional. There is no indication that he at any time took any action, either in this Court or in any other court, to contest the amount of his tax; and the fact is that he did not take even the preliminary step of disclosing his income, so that the applicable rates could be determined and applied as a basis for any such contest. Likewise, in the present proceeding, he has not contested the deficiency or the rates used in computing the amount thereof. Moreover, the evidence shows that this excuse was not asserted until nearly 5 years after respondent's representatives had begun their examination. We regard it to be a mere afterthought.

We reject, also, petitioner's further contention that he cannot be regarded as having intended to evade tax, because he knew that respondent's representatives probably would discover his defalcations sooner or later, and that he then would be compelled to pay the tax. It is no defense that he realized that his concealment might not be complete, and that his attempt to defeat the statute might fail. He was relying on the hope that, by not filing returns, discovery would be less likely and perhaps less complete; and that, in any event, he could in the meantime continue to employ for his own personal or business uses, the amounts which he knew should have been paid for taxes. Each year he attempted to conceal his misconduct of the prior years by again not filing a return; and even after respondent's representatives began their examination, he repeatedly refused to make any return or self-determination of his income for any year.

We are convinced, from an examination of all the evidence, that petitioner did willfully attempt, in respect of each of the years involved, to defeat the statute and evade tax; and that at least a part of the deficiency for each of such years "is due to fraud with intent to evade tax." We recognize that the burden of proof with respect to this issue was on the respondent; and we hold that such burden has been met. Also, we find no evidence in the record of any irregularity or impropriety on the part of the respondent in determining the additions

to tax under section 293 (b), as suggested in petitioner's pleading. Said determinations of the respondent are approved.

## II.

As regards respondent's determinations with respect to the several other additions to the tax, these also are approved.

Section 291 (a) provides an addition to the tax for failure to make and file an income tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The petitioner, as before stated, has waived any question with respect to the application of such sanction. The offense is separate from that provided for under section 293 (b); and we have heretofore held, contrary to the petitioner's contention, that sanctions under both of these sections may be imposed concurrently. *Pincus Brecher*, 27 B. T. A. 1108. We here reaffirm that holding.

Section 294 (d) (1) (A) provides an addition to the tax for failure to make and file a declaration of estimated tax, unless such failure is shown to be due to reasonable cause and not to willful neglect. Petitioner, as before stated, has indicated that he does not seriously object to the imposition of this sanction; and we believe there is no ground on which such an objection could properly be based, for petitioner's failure was willful and not due to any reasonable cause.

Section 294 (d) (2) provides an addition to the tax for substantial underestimate of estimated tax. In *G. E. Fuller*, 20 T. C. 308, we approved the regulation (Regs. 111, sec. 29.294–1 (*b*) (3) (A)), which provides that in the event of a failure to file the required declaration, the amount of the estimated tax for the purposes of the above-mentioned section is zero; and we there approved also the imposition of sanctions under both section 294 (d) (2) and section 294 (d) (1) (A). We here follow our decision in the *Fuller* case.

We hold also, contrary to petitioner's contention, that respondent is not precluded from imposing the sanctions provided under section 294, concurrently with the sanction provided under section 291 (a). Cf. *Pincus Brecher*, *supra*.

## III.

Finally, petitioner contends that imposition of all the additions to tax determined by respondent would, when added to the interest on the deficiencies and his imprisonment pursuant to the criminal statute, violate the Eighth Amendment to the Constitution.

Such contention is without merit. The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This Amendment is directed only to courts of the United States exercising criminal jurisdiction. *Ex Parte Watkins*, 7 Pet. 568, 573. The Tax

Court does not exercise criminal jurisdiction; and proceedings before it are civil in character. *Charles E. Mitchell*, 32 B. T. A. 1093.

Moreover, additions to the tax are remedial in character, not penal or punitive; they are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the expense of investigation and the loss resulting from taxpayers' neglect or deceit. *Spies* v. *United States, supra; Helvering* v. *Mitchell, supra.* In the light of the evidence here presented, we do not regard the additions to the tax here involved to be excessive, or their imposition to be inequitable.

*Decision will be entered for the respondent.*