CHARLES GOWER and SHIRLEY GOWER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, RespondentGower v. CommissionerDocket No. 7674-78.United States Tax CourtT.C. Memo 1982-72; 1982 Tax Ct. Memo LEXIS 679; 43 T.C.M. (CCH) 522; T.C.M. (RIA) 82072; February 11, 1982. *679 During a part of 1972, P was employed by a construction company. Later in 1972 and during a part of 1973, p operated a remodeling business as a sole proprietorship. During 1973 through 1975, P was employed as an independent contractor installing aluminum siding and was also employed as an outside salesman. P did not file a return for 1972, and on his 1973 return, he did not report income from or claim deductions with respect to the operation of such remodeling business. Held:(1) The amount of P's deductible business expenses with respect to such remodeling business determined; (2) P failed to report income from such remodeling business received by him during 1973 in the amount of $ 18,956; (3) For 1973, 1974, and 1975, the amount of deductions for P's business use of an automobile determined; (4) For 1973 and 1974, the amount of deductions for P's business use of a home telephone determined; (5) For 1974, the amount of P's deduction for hand tool replacement determined; (6) For 1972, P is not liable for an addition to tax under sec. 6653(b), I.R.C. 1954, for fraud; and (7) For 1973, P is liable for an addition to tax under sec. 6653(a), I.R.C. *680 1954, for negligence. Charles Gower and Shirley Gower, pro se. Richard Patrick, for the respondent. SIMPSON*681 MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Additions to TaxSec. 6653(a)Sec. 6653(b)PetitionerYearDeficiencyI.R.C. 1954 1I.R.C. 1954Charles Gower1972$ 14,468.54$ 7,234.27Charles Gower1973914.47$ 45.72and Shirley19741,536.36Gower1975872.89The issues for decision are: (1) Whether for 1972 and 1973 the petitioner Charles Gower incurred deductible business expenses in connection with his remodeling business in excess of the amounts allowed by the Commissioner; (2) whether for 1973 Mr. Gower failed to report gross income from such remodeling business in the amount of $ 18,956; (3) whether*682 for 1973, 1974, and 1975 the petitioners are entitled to deductions for automobile expenses; (4) whether for 1973 and 1974 the petitioners are entitled to deductions for the business use of a home telephone; (5) whether for 1974 the petitioners are entitled to a deduction for hand tool replacement; (6) whether for 1972 there was an underpayment of tax dur to fraud within the meaning of section 6653(b); and (7) whether for 1973 the petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Also, some of the facts were deemed admitted as a result of our granting of a motion made by the Commissioner under Rule 37(c), Tax Court Rules of Practice and Procedure.2The petitioners, Charles and Shirley Gower, husband and wife, resided in Glendale, Ariz., at the time they filed their petition in this case. They failed their joint Federal income tax returns for 1973, 1974, and 1975 with the Internal Revenue Service. Mr. and Mrs. Gower*683 were married in February 1973. Mrs. Gower is a party to this proceeding only with respect to the years 1973, 1974, and 1975. Mr. Gower is a high school graduate and has had one year of night school at Washington University, St. Louis, Mo., where he took basic accounting. Following such schooling, he was employed as a bookkeeper-office manager. During the period 1971 through 1975, he lived in or near St. Louis. During 1977, he lived in Phoenix, Ariz.During the first 8 or 9 months of 1972, Mr. Gower worked for William Rose Building Contractor (Rose Construction) and received wages for such work in the amount of $ 20,602.33. Also, during 1972, he received income of $ 129.70 from Youngstown Enterprises and Designers for his work as an independent contractor. In the fall of 1972, Mr. Gower went into business for himself doing remodeling work. Such business was conducted as a sole proprietorship under the name of Four Seasons Remodeling Company (Four Seasons). Mr. Gower ran such business from his home. In November 1972, Mr. Gower contracted with Dr. and Mrs. A. J. Squitieri to do certain remodeling work for them. The contract price for such work was $ 32,640. In January*684 1973, such contract was amended to provide for additional remodeling work, and the contract price was increased to $ 43,086. During 1972, Mr. Gower received $ 27,900 for his work for the Squitieris, and during 1973, he received $ 16,100 for such work. He ran into difficulties with such contract, particularly with his subcontractor, Ray White Construction Company (Ray White), and the Squitieris were required to pay Ray White to complete the remodeling work. During the first 6 months of 1973, Mr. Gower entered into contracts for remodeling work with Mr. and Mrs. Ted Herman, Sybil Nicely, and Dr. Joseph C. Ungvari. During 1973, he received for such work $ 956 from the Hermans, $ 1,700 from Mrs. Nicely, and $ 200 from Dr. Ungvari. In March or April 1973, Mr. Gower began employment with Gil Mar Company (Gil Mar), Collinsville, Ill., as an independent contractor for the installation of aluminum siding. Gil Mar did not provide Mr. Gower with an automobile or truck. In connection with such employment, he used his personal automobile to pick up and deliver supplies to his various jobsites. Mr. Gower maintained some records of the business use of his automobile, but he lost such records, *685 as well as the business records which he maintained for Four Seasons, when he moved from St. Louis to Phoenix. Also, in connection with such work, he used his own hand tools, most of which lasted less than a year, and he made long distance telephone calls to Gil Mar and local calls to customers. Mr. Gower would have maintained a home telephone irrespective of his need for a telephone for business purposes. Mr. Gower received income from Gil Mar in the amount of $ 12,036.29 in 1973 and $ 11,940.05 in 1974. Also, during 1974, he was employed as an independent contractor by Life Aluminum Products, Inc. During 1975, Mr. Gower was employed as an independent contractor by Gil Mar and was employed as both an independent contractor and as an employed by R.E.K. Industries, Inc., serving as an outside salesman. During 1975, he was also employed by King-Jourman, Inc. Mr. Gower's social security number is 285-50-XXXX. Mr. Gower filed a joint income tax return for 1971 with his former wife. On such return, he reported his social security number as 285-50-XXXX. During 1973, Mr. Gower discontinued the use of social security number 285-50-XXXX and began using the number 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. *686 He obtained such number from an old document. Previously, he had lost his social security card, and subsequent to 1972, he had contacted the Social Security Administration concerning the identification of his correct social security number. In and about 1972, Mr. Gower was experiencing personal and family problems. The social security number 298-40-XXXX has not been issued to Mr. Gower. Mr. Gower did not file an income tax return for 1972, and he did not pay any portion of his tax liability for such year other than the amount, $ 1,843.35, which was withheld from his salary by Rose Construction. Mr. Gower received a Form W-2 (wage and tax statement) from Rose Construction which showed earnings in the amount of $ 20,602.33. Such form reported Mr. Gower's social security number as 285-50-XXXX. In February 1977, agents of the IRS interviewed Mr. Gower concerning his failure to file a return for 1972. Such investigation was conducted in Phoenix, where Mr. Gower was then living. Generally, Mr. Gower cooperated with such agents. He told him that he had filed a Form 1040A for 1972 on which he reported his wage income from Rose Construction, that he was entitled to a small refund, *687 and that during 1972 he had a loss from Four Seasons in the amount of $ 800. At such interview, Mr. Gower also told the agents that he believed his correct social security number was 298-40-XXXX, that there was some confusion as to his correct social security number, and that he had contacted the Social Security Administration to verify his corect social security number. In an earlier letter to the IRS dated June 18, 1974, and at trial, Mr. Gower also stated that he had filed a return for 1972, that he was entitled to a small refund for that year, and that there was some confusion as to his correct social security number. In his notice of deficiency, the Commissioner determined that for 1972 Mr. Gower received gross income in the amount of $ 48,632.03 from the following sources: Rose Construction$ 20,602.33Youngstown Enterprises andDesigners129.70Four Seasons27,900.00In such notice, the Commissioner allowed Mr. Gower deductions for the following business expenses in connection with his income from Four Seasons: Ray White$ 10,000.00Interstate Supply345.34Kaiser Aluminum422.33Brentwood Bank7.93$ 10,775.60He also determined*688 that Mr. Gower's failure to file an income tax return for 1972 and his failure to pay his tax liability for such year was due to fraud with an intent to evade tax. Consequently, the Commissioner asserted an addition to tax under section 6653(b). On their joint return for 1973, the petitioners reported Mr. Gower's income from Gil Mar, but did not report any income or claim any expenses in connection with Four Seasons. Mr. Gower's reason for not reporting such income or expenses was that he believed that he did not make a profit from such business and that it was unnecessary to report a loss from a business. On such return, Mr. Gower reported his social security number as 298-40-XXXX, which number was also used on the petitioners' joint returns for 1974 and 1975. In his notice of deficiency, the Commissioner determined that in 1973, the petitioners had received gross income from remodeling work done by Four Seasons in the amount of $ 18,956. Such amount consisted of the following: Dr. and Mrs. Squitieri$ 16,100.00Mr. and Mrs. Herman956.00Mrs. Nicely1,700.00Dr. Ungvari200.00In such notice, the Commissioner also determined that Mr. Gower, doing*689 business as Four Seasons, incurred deductible business expenses in the amount of $ 18,420.14, consisting of the following: Ray White$ 15,450.00Advertising912.00Bank service charges27.05Miscellaneous hardware andlumber dealers2,031.09In addition, he determined that a part of the underpayment of tax required to be shown on the petitioners' 1973 return was due to negligence or intentional disregard of rules and regulations. Consequently, the Commissioner asserted an addition to tax under section 6653(a). Mr. Gower paid expenses for Four Seasons both by check and in cash. However, since at the time of the investigation by the IRS, any record of cash expenditures had been lost, the expenses allowed by the Commissioner for 1972 and 1973 were based on an analysis of Mr. Gower's checking account and did not take into account cash expenditures. On their returns for 1973, 1974, and 1975, the petitioners claimed deductions for automobile expenses in the amounts of $ 2,430, $ 4,450, and $ 2,954, respectively. On their 1973 return, they claimed a deduction for the business use of their home telephone in the amount of $ 120, and on their 1974 return, they*690 claimed a like deduction in the amount of $ 200. On their 1974 return, the petitioners claimed a deduction for hand tool eeplacement in the amount of $ 200. In his notice of deficiency, the Commissioner disallowed all such deductions in their entirety on the ground that the petitioners had not substantiated such expenditures or that such expenditures were not ordinary and necessary business expenses within the meaning of section 162. OPINION The first issue for decision is whether Mr. Gower incurred deductible business expenses in connection with Four Seasons in excess of the amounts allowed by the Commissioner. The petitioners have the burden of proving their entitlement to such additional expenses. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). The petitioners make two points: First, that since Four Seasons was a small and recently established business, a substantial portion of the expenditures had to be made in cash, and such expenditures were not picked up by the IRS. Second, that if Mr. Gower had made a profit from Four Seasons, he would not have discontinued such business and gone to work for Gil Mar installing aluminum siding. Generally, *691 we found Mr. Gower to be an honest and credible witness. He testified that he paid at least $ 10,000 in cash to his suppliers and that he kept records of such expenditures, but that he lost such records when he moved from St. Louis to Phoenix. From the record as a whole, we believe it unlikely that Mr. Gower made much, if any, profit from Four Seasons, and we believe that he must have incurred deductible expenditures in excess of the amounts allowed by the Commissioner. However, since he failed to produce precise evidence as to such expenditures, we must resolve any doubts against him. Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). On this record, we find and hold that Mr. Gower, doing business as Four Seasons, incurred deductible business expenses of $ 15,775.60 in 1972 nd $ 18,420.14 in 1973. The next issue for decision is whether the petitioners failed to report on their 1973 joint return gross income from Four Seasons in the amount of $ 18,956. At trial, Mr. Gower admitted that he received such income. The fact that he believed that it was unnecessary to report such income, since he believed that he had incurred a loss, does not change the character*692 of such receipts. Sec. 61(a)(2). Accordingly, we sustain the Commissioner's determination on this issue. We consider next the issue of whether for 1973, 1974, and 1975, the petitioners are entitled to a deduction for the business use of a personal automobile. Mr. Gower testified that he was required to use his automobile in connection with his work for Gil Mar during 1973, 1974, and 1975. During 1975, Mr. Gower was also employed by R.E.K. Industries, Inc., and by King-Jourman, Inc., and on the petitioners' 1975 return, he listed his occupation as "outside salesman." He also testified that he maintained records of the business use of his automobile, but that such records were also lost when he moved from St. Louis to Phoenix. Again, we found such testimony to be credible, and since such use of his automobile was local in nature, the petitioners need not meet the stringent substantiation requirements of section 274(d). Cobb v. Commissioner, 77 T.C.     (Nov. 12, 1981), on appeal (5th Cir., Jan. 19, 1982). However, the petitioners have the burden of proving their entitlement to such deductions (Rule 142(a); Welch v. Helvering,supra), and since they*693 failed to produce any documentary evidence of such expenditures, any doubts must be resolved against them. On this record, we find and hold that they incurred deductible expenses for the business use of an automobile in the amounts of $ 1,215 for 1973, $ 2,225 for 1974, and $ 1,477 for 1975. Cohan v. Commissioner,supra.The next issue for decision is whether for 1973 and 1974 the petitioners are entitled to a deduction for the business use of their home telephone. The petitioners bear the burden of proof. Rule 142(a); Welch v. Helvering,supra.Mr. Gower testified that during such years he was required to make long distance calls to Gil Mar's home office in Collinsville, Ill., as well as local calls to customers from his home phone and from pay phones, and that the amounts claimed on the petitioners' returns were legitimate business expenses. The cost of maintaining a telephone in a personal residence is ordinarily a nondeductible personal expenditure. Sec. 1.262-1(b)(3), Income Tax Regs. However, the cost of maintaining*694 such a telephone is a deductible business expense if it is closely and directly related to the taxpayer's earning of income and is reasonably necessary in the course of his employment. Roth v. Commissioner,17 T.C. 1450, 1454-1455 (1952). Mr. Gower testified that he would have maintained a telephone in his residence irrespective of the business need for a telephone. However, he also testified that he used such telephone for business purposes, and we have no reason to doubt such testimony. Mr. Gower's testimony did not elucidate the extent of his business use of such telephone, nor did the petitioners offer any documentary evidence in support of their claimed deductions. Because the petitioners used their telephone for both business and personal purposes, we must allocate their expenses between deductible business use and nondeductible personal use. See International Artists, Ltd. v. Commissioner,55 T.C. 94, 104 (1970). On this record, we find and hold that the petitioners are entitled to deductions for the use of a telephone in the amount of $ 30 for 1973 and $ 50 for 1974. Cohan v. Commissioner,supra.We next address*695 the issue of whether the petitioners are entitled to a deduction in 1974 for hand tool replacement. During 1974, Mr. Gower was employed as an independent contractor by Gil Mar and Life Aluminum Products, Inc. He did not testify specifically that he was required to furnish his own hand tools, but the import of his testimony was that he was so required. Also, he testified that such tools had a useful life of less than one year. Although such testimony was somewhat vague, we believe it more likely than not that Mr. Gower did incur some expense for hand tool replacement. The cost of such tools is a deductible busiess expense. Sec. 162; see sec. 1.162-12(a), Income Tax Regs.3 Based on the record as a whole, we find and hold that the petitioners are entitled to a deduction in 1974 for hand tool replacement in the amount of $ 50. Cohan v. Commissioner,supra.The next*696 issue for decision is whether to sustain the Commissioner's determination of fraud with respect to Mr. Gower for 1972. The Commissioner has the burden of proving fraud by clear and convincing evidence. Rule 142(b); sec. 7454(a); Miller v. Commissioner,51 T.C. 915, 918 (1969). In order to meet such burden, he must show that Mr. Gower intended to evade taxes which he knew or believed he owed, by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F. 2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F. 2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 112-113 (1956). The presence or absence of fraud is a factual question to be determined by an examination of the entire record. Mensik v. Commissioner,328 F. 2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Since fraud can seldom be established*697 by direct proof of intention, the taxpayer's entire course of conduct can often be relied on to establish circumstantially whether such fraudulent intent existed. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,supra at 105-106. We have found as a fact that Mr. Gower did not file an income tax return for 1972. Even if he believed that he did not make a profit from Four Seasons, his wage income from Rose Construction substantially exceeded the income requirements for the filing of a return. However, Mr. Gower told the agents of the IRS that he filed a return for 1972 and at trial he was adamant in his contention that he had filed a return. We found Mr. Gower to be a credible and honest witness. Although the evidence is overwhelming that he did not file a return for 1972, apparently he honestly and sincerely believed that he filed a return for that year. Therefore, we cannot conclude that his failure to file was willful and with an intent to evade tax. Even if we were to conclude that Mr. Gower willfully failed to file a return for 1972, such conclusion would not be sufficient to establish fraud within the*698 meaning of section 6653(b), although such a failure to file may be considered in connection with other evidence in determining whether any deficiency or underpayment is due to fraud. Stoltzfus v. United States,supra;Beaver v. Commissioner,55 T.C. 85, 93 (1970). The Commissioner contends that such other evidence consists of Mr. Gower's failure to submit for examination the books and records of Four Seasons and his alleged false and misleading statements to agents of the IRS concerning the sources of income of Four Seasons. Also, the Commissioner contends that Mr. Gower's failure to report any income from Four Seasons on the petitioners' 1973 return and his use of a different social security number in 1973 and later years was part of a continuing attempt to conceal his failure to file a return for 1972 and to conceal the existence of Four Seasons. The failure to submit for examination records of a taxpayer's income-producing activities is an indicium of fraud. Estate of Beck v. Commissioner,56 T.C. 297, 365 (1971). However, Mr. *699 Gower's failure to produce the records of Four Seasons is adequately explained--such records were lost when he moved to Phoenix, which was prior to the date of the examination by the IRS. Compare Estate of Beck v. Commissioner,supra (records destroyed after taxpayer notified that IRS was to audit returns). Thus, we find his failure to produce his books and records was not done with the intent to conceal his income or mislead the Commissioner. See Moore v. Commissioner,37 B.T.A. 378 (1938). The making of statements which are in fact false or misleading tends to indicate an effort to conceal the true facts concerning the taxpayer's income and is another important indicium of fraud. Powell v. Granquist,252 F. 2d 56, 60-61 (9th Cir. 1958); Estate of Beck v. Commissioner,supra;Beaver v. Commissioner,55 T.C. at 93. The statements which the Commissioner contends were false or misleading, other than Mr. Gower's statements concerning the filing of a return for 1972, were his statements to the*700 agent of the IRS that the only remodeling work performed by Four Seasons was for Dr. Squitieri. However, we are not convinced that the question as to Four Seasons' sources of income was asked, or understood by Mr. Gower, to be for other than 1972, the principal year being investigated. On direct examination by counsel for the Commissioner, the agent who interviewed Mr. Gower testified as follows: Q * * * Did you ask Mr. Gower whether or not he had done any work for and received any income from Sybil Nicely? A Yes. Q What was his response? A That he had not received any income from Sybil Nicely in that-- Previously, the witness had been describing activities of Mr. Gower in 1972, and if the witness had been allowed to complete his answer, he might have added "year." Such testimony would then be completely consistent with the facts, since it was not until 1973, rather than 1972, that Mr. Gower contracted with and received income from Mrs. Nicely, and in 1972, he, doing business as Four Seasons, only received income from Dr. Squitieri. The Commissioner argues that Mr. Gower's failure to report income from Four Seasons on the petitioners' 1973 return and his use of a different*701 social security number subsequent to 1972 were part of a continuing effort to conceal his failure to file for 1972, and are persuasive evidence of fraud. We agree with the Commissioner that if such acts were taken with the intent the Commissioner attributes to Mr. Gower, they would be persuasive evidence of fraud. See Beaver v. Commissioner,supra.4 However, we find that the Commissioner has not established by clear and convincing evidence that Mr. Gower had such fraudulent intent. Mr. Gower testified that he did not report income fro Four Seasons on the petitioners' 1973 return because he believed that he had a loss from such business and that it was unnecessary to report such a loss. He also testified that he was unaware that a loss from a business could offset other income. The Commissioner, relying on the fact that Mr. Gower was a high school graduate, that he had taken one year of basic accounting, and that he worked as a bookkeeper, would have us find that such testimony lacks credibility. Mr. Gower's failure to report his income from Four Seasons was clearly erroneous and*702 negligent, and it is somewhat difficult to accept that he actually held such beliefs. Yet, at the time, he was experiencing personal and family problems, and taking into consideration all the surrounding circumstances, we conclude that the Commissioner has failed to prove by clear and convincing evidence that Mr. Gower's failure to report his income from Four Seasons was with an intent to conceal such income or to mislead the Commissioner. The Commissioner contends that the strongest indicium of fraud is Mr. Gower's use of a different social security number subsequent to 1972. Again, the issue is principally one of credibility. Mr. Gower testified that the reason he changed social security numbers in 1973 was that he lost his social security card and that he obtained the number 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 from an old document. However, he also testified that he lost his social security card in the 1960s, and on his 1971 return and on the Form W-2 he received from Rose Construction in 1973, there was reported his correct social security number. Mr. Gower's explanation strikes us as somewhat implausible, but we balance such perception against Mr. Gower's other testimony that in and about 1972, *703 he was experiencing personal and family problems.The Commissioner has the burden of proving fraud, not by the usual standard of more likely than not, but by "clear and convincing evidence." Rule 142(b); sec. 7454(a). When we apply such standard to the evidence, we find and hold that the Commissioner has failed to prove by clear and convincing evidence that Mr. Gower's change of social security number was with the intent to conceal his income from Four Seasons or to mislead the Commissioner and thereby evade the payment of tax. The final issue for decision is whether any part of the underpayment of tax for 1973 was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). The petitioners have the burden of showing that they exercised due care in the preparation of their 1973 return and in the payment of tax for such year. Cobb v. Commissioner,supra.At trial, Mr. Gower admitted that, doing business as Four Seasons, he received gross income of $ 18,956 during 1973 and that the petitioners did not report such income on their 1973 return. The failure to report such income, even though Mr. Gower believed in good faith that*704 it was not necessary to do so, was negligent. Since he knew that he had received such income, the exercise of due care required him to inquire whether it was reportable; he could not simply ignore it. Therefore, the petitioners are liable for an addition to tax under section 6653(a).To reflect the foregoing, Decision will be entered under Rule 155.Footnotes1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩2. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩3. See also Kaonis v. Commissioner,T.C. Memo. 1978-184, affd. in an unpublished opinion (9th Cir., Jan. 16, 1981); Manupello v. Commissioner,T.C. Memo. 1976-237; Parker v. Commissioner,T.C. Memo. 1969-85↩.4. See Gaar v. Commissioner,T.C. Memo. 1981-696↩.