EMMANUEL H. WEDGEWORTH AND JOYCE M. WEDGEWORTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wedgeworth v. Commissioner
Docket No. 14499-81
United States Tax Court
T.C. Memo 1984-225; 1984 Tax Ct. Memo LEXIS 448; 47 T.C.M. (CCH) 1716; T.C.M. (RIA) 84225; April 26, 1984. Edith E. Siler, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax with respect to petitioners' Federal income taxes for 1975 and 1976: Addition to Tax
Year
Deficiency
Sec. 6653 (b) [1]
1975
$4,194.96
$2,097.48
1976
5,079.68
2,539.84
This case is before us upon respondent's motion for judgment on the pleadings. The petitioners state that only the additions to tax are in dispute. Respondent's answer to the petition contains affirmative allegations in support of the additions to tax. Petitioners did not file a reply *449 within the time period permitted by Rule 37. Ordinarily, when a reply is not filed, the affirmative allegations in the answer will be deemed denied. Rule 37(c). The Commissioner may, however, move within a prescribed time period to have specific allegations deemed admitted under Rule 37(c). Respondent properly filed a Rule 37(c) motion on November 2, 1981. Petitioners were notified that the motion would be heard on December 2, 1981 unless they filed a proper reply by November 16, 1981. No reply was filed, and no appearance was made by petitioners at the December 2nd hearing. The Court granted respondent's motion to deem admitted the affirmative allegations contained in the answer. Respondent subsequently filed a motion for judgment on the pleadings. The motion was heard on November 2, 1982.Petitioners again did not appear before the Court. The sole issue before us is whether the facts that have been deemed admitted are sufficient to satisfy respondent's burden of proof. Those facts consist of the following: Petitioners filed joint Federal income tax returns for 1975 and 1976 with the Internal Revenue Service in Kansas City, Missouri. In 1975, they reported taxable *450 income in the amount of $13,913 and disclosed income tax liability of $2,588. Petitioners intentionally claimed deductions to which they knew they were not entitled for employee business expenses, medical expenses, and educational expenses. In an attempt to substantiate these deductions, petitioners presented altered documents to the respondent. Petitioners knew that they should have reported taxable income of no less than $27,536, and should have disclosed an income tax liability of no less than $6,782.96 for 1975. The deductions were claimed with fraudulent intent to evade taxes. In 1976, petitioners reported taxable income of $12,759 and disclosed income tax liability of $2,190. Again, petitioners claimed deductions for employee business expenses and medical expenses, to which they knew they were not entitled, and submitted altered documents to substantiate their claims. Petitioners knew that they should have reported taxable income of no less than $29,112, and should have disclosed income tax liability of $7,269.68. The deductions were claimed with the fraudulent intention of evading taxes. Petitioners have conceded that the amount of their taxable income was understated *451 in both years. What remains for decision, therefore, is whether respondent has shown by clear and convincing evidence that some portion of the underpayment of tax was due to fraud. Section 7454(a); Rule 142(b). The burden of proof is met by showing that the taxpayer intended to evade taxes that he knew or believed that he owed, Stoltzfus v. United States,398 F.2d 1002, 1004 (3rd Cir. 1968), by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Acker v. Commissioner,26 T.C. 107, 112 (1956). Although respondent must present affirmative proof to meet his burden, he may chose to rely entirely upon facts that have been established through deemed admissions. Doncaster v. Commissioner,77 T.C. 334 (1981); Gilday v. Commissioner,62 T.C. 260 (1974). In Doncaster and Gilday, "we found fraud to have been sufficiently proven on the basis of facts properly pleaded in the answer that were deemed admitted under Rule 37(c) or its predecessor because of petitioner's failure to file a reply." Rechtzigel v. Commissioner,79 T.C. 132, 141 (1982), affd. per curiam *452 on another issue, 703 F.2d 1063 (8th Cir. 1983). The admitted facts in this case reveal that petitioners knew that they understated their income tax liability for 1975 and 1976, and that they were not entitled to several of the deductions they claimed on their returns. These facts also establish that in an attempt to substantiate false deductions, petitioners submitted altered documents to the respondent. "[A]lteration of records by a taxpayer is deemed a clear badge of fraud." Powell v. Granquist,252 F.2d 56, 59 (9th Cir. 1958). In addition, we are presented with deemed admissions of a conclusory nature: that petitioners claimed these deductions "with fraudulent intent to defeat and evade tax within the meaning of I.R.C. 6653(b)." Deemed admissions of this sort are properly considered when determining whether respondent has met his burden of proof. In Doncaster v. Commissioner,supra, we stated: [A] petitioner cannot, by total and continued silence, ensure that he will not be considered as having, in effect, conceded his case. The fact that [certain] subparagraphs * * * are worded in conclusory *453 language does not require a different conclusion. They were "specified allegations" within the meaning of Rule 37(c); in our judgment, their deemed admission more than satisfies the respondent's burden of proof. We are reinforced in our conclusion by the numerous holdings that fraud is a question of fact--albeit an ultimate question of fact. Even if we were to take the view that, in the context of this case, the ultimate issue of fraud should not be considered a pure question of fact, it is at least a question of "the application of law to fact" and consequently is an appropriate matter for the Court to deem admitted. * * * [Doncaster v. Commissioner,supra at 337, fn. refs. and citations omitted.] In consideration of the fact that petitioners intentionally claimed deductions to which they knew they were not entitled, and that they submitted altered documents, as well as the fact that the deductions were claimed with fraudulent intent, we hold that respondent has met his burden of proof. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code as in effect in the years in issue, and all references to "Rules" refer to the United States Tax Court Rules of Practice and Procedure.↩