ROSCOE W. FIELDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fields v. Commissioner
Docket Nos. 18149-82, 14935-83.
United States Tax Court
T.C. Memo 1985-345; 1985 Tax Ct. Memo LEXIS 291; 50 T.C.M. (CCH) 411; T.C.M. (RIA) 85345; July 15, 1985. Robert P. Crowther and Robert B. Nadler, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax: Additions to tax
Year
Deficiency
Sec. 6653(a)
Sec. 6653(b) [1]
1978
$5,527
$276.35
1979
2,501
125.05
1980
6,284
$3,142
Petitioner did not appear at trial in these cases. The Court therefore granted respondent's oral motion to dismiss for failure to properly prosecute with respect to each issue as to which petitioner bears the burden of proof. Rule 123(b). *292 Petitioner bears the burden of proving that respondent's deficiencies and the additions to tax under section 6653(a) are incorrect. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). As a result, only the addition to tax for fraud in 1980 remains in dispute. FINDINGS OF FACT Petitioner resided in Knoxville, Tennessee during the year in issue and when the petition was filed in this case. Respondent served upon petitioner requests for admissions to which petitioner failed to respond. The allegations in the requests for admissions are therefore deemed admitted pursuant to Rule 90(c). In 1980, petitioner was employed by the Union Carbide Corporation in Oak Ridge, Tennessee. Petitioner received wages from Union Carbide of $23,723.95 in that year. In 1979, petitioner filed with his employer an employee's withholding allowance certificate (Form W-4) on which he certified that he was entitled to 19 withholding exemptions and allowances. Petitioner filed with respondent a Form 1040 (U.S. Individual Income Tax Return) for the 1980 taxable year. Petitioner did not provide any information from which taxable income could be ascertained, however, and instead chose *293 to respond to the inquiries with the words "object" and "N/A." Although petitioner's employer properly furnished petitioner with a Form W-2 which clearly stated the amount of petitioner's wages, petitioner failed to submit the form with the document he filed with respondent. Petitioner attached to his Form 1040 a claim for overpayment of taxes, on which he claimed a refund of $96.28 for amounts withheld from wages. On that claim, petitioner stated that "[n]o tax has been assessed," and repeated his Fifth Amendment argument. Petitioner failed to respond to interrogatories and requests for documents served upon him by respondent. OPINION Petitioner filed a Form 1040 with the Internal Revenue Service for the taxable year 1980 on which he refused to disclose any information from which his tax liability could be assessed. He stated on that document that he objected to providing the information "on grounds of self incrimination." Petitioner attached to the form a claim for overpayment of taxes, and he failed to attach the Form W-2 furnished by his employer. Petitioner also filed a Form W-4 on which he claimed 19 exemptions. Respondent maintains that these actions constitute fraud. *294 We agree with respondent. Respondent bears the burden of proving the existence of fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). The burden of proof is met by showing that the taxpayer intended to evade taxes that he knew or believed that he owed, Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), and that he engaged in conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Acker v. Commissioner,26 T.C. 107, 112 (1956). The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). In Hebrank v. Commissioner,81 T.C. 640 (1983), this Court upheld imposition of the addition to tax fraud on facts similar to those in the instant case. The petitioner in Hebrank filed false information on his W-4 Form, filed a Form 1040 that did not constitute an adequate return, and deliberately obliterated some of the information on the W-2 form he attached to his "return." Hebrank v. Commissioner,supra at 642, 643. In the instant case petitioner likewise *295 filed false information on his W-4 Form, and filed a Form 1040 that did not constitute a "return." Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). As we stated in Hebrank v. Commissioner, "[f]ailure to file is not conclusive evidence of fraud, but is a factor worthy of consideration, particularly when coupled with the submission of a false Form W-4." Hebrank v. Commissioner,supra at 642, citing Habersham- Bey v. Commissioner,78 T.C. 304 (1982). In addition, petitioner failed to attach to his Form 1040 the W-2 forms provided by his employer, and refused to provide documentation requested by respondent. His conduct was clearly intended "to make respondent's job of monitoring compliance more difficult," and to "thwart the tax system so as to evade payment of a tax he knew he owed." See Hebrank v. Commissioner,supra at 643, 644. The circumstances present in this case warrant imposition of the addition to tax for fraud. Appropriate orders and decisions will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and any reference to "Rules" is to the Tax Court Rules of Practice and Procedure.↩