PAUL L. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 12764-92.
United States Tax Court
T.C. Memo 1994-128; 1994 Tax Ct. Memo LEXIS 136; 67 T.C.M. (CCH) 2511; March 29, 1994, Filed *136 Decision will be entered under Rule 155. Maria M. Lynch and David W. Long, for petitioner. Amy Dyar Seals, for respondent. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1983
$ 47,000
$ 23,500
[1]
$ 11,750
1984
34,202
17,101
[1]
8,551
1985
29,591
14,796
[1]
7,398
This case was submitted under Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. Petitioner Paul L. Thomas was a resident of North Carolina when he filed his petition herein. Petitioner's income tax returns for the years 1983 through 1985 were filed with the Internal Revenue Service Center in Memphis, Tennessee. In 1987, the Internal Revenue Service and the Customs Service began a joint investigation of petitioner *137 and his narcotics distribution activities. Subsequently, other Government agencies and law enforcement services became involved. The investigation expanded to become one of the largest narcotics investigations in the States of North and South Carolina. During each of the taxable years in question here, petitioner sold cocaine. During the years in question, petitioner failed to report any of the income from his illegal narcotics sales. In 1989, petitioner was indicted in the Federal courts for a conspiracy to possess with the intent to distribute and to cause to be distributed cocaine. In 1990, petitioner also was indicted on the charge of money laundering. Upon entering into appropriate plea agreements, and pleas of guilty, petitioner was sentenced to 4 years of imprisonment on one narcotics count and 18 months of imprisonment on the money laundering count, with the sentences to run concurrently. As part of the plea agreement entered into by petitioner in the narcotics case, petitioner agreed with the Government to pay $ 65,000 from the proceeds of the sale of nine real estate properties which he then owned, and, if $ 65,000 was not realized from such sales, then a tenth real *138 estate property would be included in the sales. With respect to the money laundering indictment, petitioner's plea agreement with the Government consented to a forfeiture of all assets to the Government which were used as part of the money laundering venture, but the amount thereof was not specified. In each of the plea agreements entered into and executed by petitioner, the following language appears, underlined in the plea agreements: No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.
Thereafter, respondent determined deficiencies in income tax and additions to tax for the years here involved as set forth above herein. When this case came on for trial, the parties tendered to the Court a stipulation in which all issues raised in the petition herein were settled, with the exception of two: 1. Whether the imposition of additions to tax for fraud by respondent in the present deficiency case violates the Double Jeopardy Clause of the Fifth Amendment to the Constitution *139 of the United States, in that it exposes petitioner to prosecution twice for the same offense; and 2. whether the imposition of additions to tax for fraud by respondent in this case violates the provision of the Eighth Amendment to the Constitution of the United States with respect to the imposition of cruel and excessive fines and penalties. In all other respects (except for the issues reserved for trial herein), petitioner has conceded that there are deficiencies and additions to his tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1983
$ 24,342
$ 12,171
[1]
$ 6,086
1984
34,202
17,101
[1]
8,551
1985
29,591
14,796
[1]
7,398
Since two different issues are involved in our opinion in this case, we shall treat them separately, even though some of the same cases will be discussed with respect to both issues. With respect to both issues presented, it appears that the essence of petitioner's position may best be stated by the following extracts from petitioner's brief: The imposition of the civil fraud penalty for conduct arising out of the sale of illegal *140 drugs in this case violates the Excessive Fines Clause of the United States Constitution. * * * * * * The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, as punishment for the same offense. * * * From the outset of the investigation the IRS was involved. The civil fraud penalty the government is seeking to recover is a payment to the government as punishment for an offense, the definition adopted in Austin. Under the circumstances in this case the imposition of the fraud penalty is constitutionally excessive. Petitioner has been imprisoned and fined for conduct arising from illegal drug sales, he has forfeited his assets, and now the government seeks to impose an additional fine or penalty for the same conduct by assessing fraud penalties for failing to report the income from the illegal drug sales. All of the punishments arise from one course of conduct, the sale by petitioner of illegal drugs.
Thus, two separate constitutional issues are presented here: an alleged violation of the Double Jeopardy Clause of the Fifth Amendment, in that it is claimed that petitioner is being twice punished for the same offense; *141 and, as a separate matter, that the civil addition to tax for fraud in the present case, when coupled with the fines which petitioner has already been subjected to in his prior criminal cases, constitutes an excessive fine in violation of the Eighth Amendment of the Constitution. These contentions will be treated separately. 1. Double Jeopardy
Amendment V of the United States Constitution provides in relevant part as follows: nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * * nor be deprived of life, liberty or property, without due process of law * * *.
In Barnette v. Commissioner, 95 T.C. 341 (1990), on appeal (11th Cir., July 12, 1993), we carefully considered the argument that the imposition of civil fraud additions to tax in an income tax deficiency case constituted putting the taxpayer there in jeopardy of being twice punished for the same offense. We concluded there that civil fraud additions to income tax in that case were not punitive but were remedial, and we carefully considered the teachings of Helvering v. Mitchell, 303 U.S. 391, 82 L. Ed. 917, 58 S. Ct. 630 (1938), and *142 United States v. Halper, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989), particularly the latter case. We concluded there that no double jeopardy argument was sustainable with respect to fines imposed upon the taxpayer in an unrelated criminal case, simply because in the subsequent income tax case, a civil addition to tax was imposed. We further concluded there, as we do here, that the civil additions to tax for fraud were to be considered remedial and not punitive within the meaning of those cases. A little later, in Ianniello v. Commissioner, 98 T.C. 165 (1992), the facts were that the taxpayer had been convicted of charges involving RICO and had been sentenced to prison and to the forfeiture of certain assets used in furtherance of the criminal enterprise. The taxpayer claimed that an income tax deficiency determination (and fraud additions) for failure to report such income, made thereafter, was a violation both of the double jeopardy provisions of the Fifth Amendment and the Excessive Fines and Cruel and Unusual Punishments provisions of the Eighth Amendment (discussed hereinafter). As to the Fifth Amendment claim, we held that there was *143 no double jeopardy, since there was no second prosecution in that case, as there is none here, and that the fraud additions to tax were remedial, not punitive, and that there was thus no multiple punishment involved, again relying upon Helvering v. Mitchell, supra, and United States v. Halper, supra.
We arrive at the same conclusion in this case. It is clearly incorrect to say that the Government here is attempting to punish petitioner again because of his illegal drug activity. In the first place, there is no pending prosecution of petitioner here on account of his income taxes. The Internal Revenue Service here seeks an addition to the income tax owing by petitioner on the grounds that he fraudulently failed to report his income which is discrete from the fact that he also had been convicted of illegal narcotics sales. Illegal trafficking in narcotics is one thing; failure to report one's income is something else, and this should be fairly obvious. Thus, in brief, the addition to tax for fraud is for the failure to pay income taxes, not for the dealing in narcotics. The two are separate matters, and we *144 hold that no double jeopardy within the meaning of the Fifth Amendment of the Constitution is presented. 2. Excessive Fines
Amendment VIII of the Constitution provides simply: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.
As can be seen from the above quotations from petitioner's brief, petitioner feels that there has been only one violation of law here: the illegal dealing in narcotics and related money laundering. Petitioner believes that the proposed additions to tax at issue herein all go back to those same drug-related offenses and are to be added to the amount of the penalties which petitioner paid there, and therefore the fraud additions here add up to excessive fines within the meaning of the Eighth Amendment. In Bailey v. Commissioner, T.C. Memo 1989-674, affd. 929 F.2d 700 (6th Cir. 1991), a case similar to the instant case was presented. The taxpayer there was convicted of narcotics violations. In addition to a jail sentence, the taxpayer forfeited certain assets to the Government as part of his sentence on the narcotics offenses. *145 Thereafter, a statutory notice was issued to the taxpayer for tax deficiencies and additions thereto, based on respondent's determinations on the net worth basis, which made it impossible to tell whether the deficiencies and additions related to narcotics or not. The taxpayer argued, inter alia, that the determination of the tax deficiencies and additions to tax constituted the imposition of "excessive fines" and "cruel and unusual punishment" within the meaning of the Eighth Amendment, in effect making it appear that such deficiencies and additions were a further part of the punishment attributable to his being convicted on drug violations. In that case, we said: It was not illegally dealing in drugs which gave rise to the deficiency determination herein, but petitioner's obligation (in common with all other taxpayers) to pay taxes on his income and his failure to fulfill that obligation. Such obligation surely included the duty to pay tax on drug income, and we do not countenance the suggestion that a drug trafficker, having been civilly and criminally punished for his crime, should enjoy freedom from paying income tax, regardless of the source of his gross income. * * *146 * * * * Last but not least, the Eighth Amendment restrictions do not apply to civil matters, nor to courts without criminal jurisdiction, Acker v. Commissioner, 26 T.C. 107 (1956); see Ingraham v. Wright, 430 U.S. 651, 664, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977). Petitioner's Eighth Amendment complaint should be addressed to the District Court, not to this Court. [Bailey v. Commissioner, T.C. Memo 1989-674.]
Likewise, in Ianniello v. Commissioner, supra, the taxpayer, having been convicted criminally of charges not involving taxes, and having been sentenced to prison and to forfeiture of certain assets used in furtherance of the criminal enterprise, then claimed that an income tax deficiency assessment, in addition to being a violation of the Double Jeopardy Clause, was also an excessive fine and cruel and unusual punishment within the prohibition of the Eighth Amendment. We held that the Eighth Amendment provisions extend only to those in criminal proceedings, and that the tax deficiencies and additions in question arose from matters different from the original penalties and forfeitures *147 imposed in the prior criminal case. There was therefore no violation of the Eighth Amendment. The above cases must now be reexamined in the light of the action of the Supreme Court in Austin v. United States, 509 U.S. 602, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993). In that case, necessarily modifying the holdings of the cases under the Eighth Amendment cited above, the Supreme Court held that the Eighth Amendment can apply to forfeitures and fines even in civil cases, if they serve to punish as well as having a remedial aspect. Thus, the Supreme Court held that the trial court must first determine whether the exaction in question is punitive rather than remedial, so as to be able to invoke the Eighth Amendment restrictions. The Supreme Court in that case made no determination on this point, but simply remanded the case to the trial court in order to ascertain whether the civil sanction involved was to be considered remedial or punitive. The Austin case would appear to have changed the focus somewhat in case of issues involving the Eighth Amendment. Such a reexamination has now been provided to us in the case of McNichols v. Commissioner, 13 F.3d 432 (1st Cir. 1993), *148 affg. T.C. Memo 1993-61. In the McNichols case, as here, the taxpayer was convicted on criminal charges which did not involve income taxes. As a result of guilty pleas, the taxpayer agreed to forfeit a large amount of money which he held. Thereafter, the Commissioner issued a notice of deficiency and addition to tax for fraud against the taxpayer, who argued before this Court that such determination would impose excessive fines under the Eighth Amendment, as well as double jeopardy under the Fifth Amendment. The taxpayer in McNichols relied primarily on Austin v. United States, supra, and United States v. Halper, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989). In affirming the action of the Tax Court, the Court of Appeals for the First Circuit in McNichols found that the Government had the right to prosecute a person criminally, cause him to forfeit illegally gained property, and also to assess deficiencies and additions to tax against them for unpaid tax liabilities. The Court of Appeals also pointed out that Austin was a forfeiture case, not a civil tax case, and that Austin did not suggest *149 that its reach should be applied to any type of case other than forfeitures under 21 U.S.C. sec. 881(a)(4), (7). Third, the court noted that the taxpayer agreed to the surrender of property involved there and stipulated in the Tax Court that he had derived income in the years in question from illegal drug sales. As a result, the Court of Appeals stated that the taxpayer should not be allowed to use the Eighth Amendment to relieve himself of the duty of paying income taxes on the money that he enriched himself with through illegal acts, while honest people pay their taxes on all types of income. This conclusion is reminiscent of what we said in Bailey v. Commissioner, supra.
Turning to the double jeopardy argument, the Court of Appeals in McNichols also clearly distinguished Halper and held that there was no double jeopardy violation. We conclude that in this case, as well as in McNichols, there was no Eighth Amendment violation. 3. Conclusion
We conclude that petitioner's arguments under the Fifth and Eighth Amendments have no merit. Contrary to what petitioner here urges, the instant *150 tax case is civil not criminal. Petitioner here has not been placed in any double jeopardy within the meaning of the Fifth Amendment. United States v. Halper, supra; Barnette v. Commissioner, 95 T.C. 341 (1990). Likewise, there has been no excessive fine within the meaning of the Eighth Amendment. The assertion of additions to tax for fraud is clearly unrelated to the criminal penalties which petitioner paid in his prior unrelated narcotics case. The instant proposed additions to tax for fraud involved a separate matter, and are not linked to the fines and forfeitures which petitioner may have paid in those earlier criminal cases. Austin v. United States, supra, does not teach us to the contrary. McNichols v. Commissioner, supra.
Having decided the two issues presented to us in respondent's favor in this otherwise fully stipulated case, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩
1. 50 percent of the interest due on the deficiency.↩