**George W. and Elizabeth L. LUKOVSKY, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellees.**

**No. 82–1655.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 28, 1982.

Decided Nov. 5, 1982.

Rehearing and Rehearing En Banc Denied Nov. 30, 1982.

---

George W. and Elizabeth L. Lukovsky, appellants, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Steven I. Frahm, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellees.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Taxpayers George and Elizabeth Lukovsky appeal from the tax court's dismissal for lack of prosecution of their petition contesting an income tax deficiency assessment. At issue is whether the Lukovskys are entitled to use their fifth amendment privilege against self-incrimination to avoid substantiating the deductions they have claimed on their tax return. We affirm the tax court's dismissal.

On January 9, 1981, the IRS sent a notice of deficiency to the Lukovskys, informing them that they owed an additional $4,814.50 in income tax for the tax year ending December 31, 1977. The deficiency resulted from the IRS's disallowance of a number of business deductions that the Lukovskys were unable or unwilling to substantiate. The Lukovskys petitioned to contest the deficiency on April 23, 1981.

At a hearing before the tax court on March 22, 1982, the Commissioner filed a motion to dismiss the action for failure to prosecute. The motion cited the Lukov-skys' failure to attend scheduled pretrial conferences on September 9 and October 23, 1981; their failure to attend a stipulation of facts conference set for February 4, 1981; and their failure to produce any evidence substantiating the contested deductions. At the hearing, the Lukovskys admitted that they had not furnished the IRS with any of the requested information, but they argued that the fifth amendment privilege against self-incrimination protected them. The tax court granted the IRS's motion to dismiss, reasoning that the absence of a pending or threatened criminal prosecution militated against the Lukovskys' invoking the fifth amendment to avoid furnishing information to the IRS. The Lukovskys appealed.

The tax court has repeatedly held that "[t]he privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely." *Roberts v. Commissioner,* 62 T.C. 834, 838 (1974). The fifth amendment may not be used as a subterfuge to avoid paying taxes. *See, e.g., Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir. 1982).

This court has reached a similar result in cases in which tax protestors have attempted to use the fifth amendment to justify their refusal to file a tax return. In *United States v. Civella,* 666 F.2d 1122, 1126 n. 2 (8th Cir. 1981), this court commented that "[t]he fact that a completed return would incriminate a taxpayer does not relieve him of his duty to file under [26 U.S.C.] § 7203. At a minimum he must assert his fifth amendment right against self-incrimination as to specific items of requested information on the tax return * * *."

The Lukovskys' attempt to use the fifth amendment to contest the IRS's deficiency assessment is subject to these same strictures. The privilege is available to protect them from real dangers of self-incrimination, not to avoid answering questions altogether.

The Lukovskys have failed to prove the legitimacy of their deductions. Moreover, they have not shown any reason for re-

fusing to come forward with evidence to prove the legitimacy of their deductions. Thus, the tax court correctly dismissed the Lukovskys' petition for lack of prosecution.

Affirmed.