MICHAEL O. CAMPBELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Campbell v. Commissioner
Docket No. 21559-81.
United States Tax Court
T.C. Memo 1983-71; 1983 Tax Ct. Memo LEXIS 720; 45 T.C.M. (CCH) 664; T.C.M. (RIA) 83071; February 2, 1983. Michael O. Campbell, *721 pro se. Joel A. Lopata, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1975
$4,295.26
$1,073.82
$214.76
$185.28
1976
5,294.00
1,323.50
264.70
197.64
The issues for decision are as follows: (1) Whether petitioner received gross receipts and wages in amounts less than those determined by respondent. (2) Whether petitioner is entitled to cost of goods sold and deductions for depreciation and various business expenses in amounts greater than those determined by respondent. (3) Whether petitioner is entitled to exemptions other than for himself, and to more than the standard deduction. (4) Whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654. (5) Whether the statute of limitations bars the assessment of deficiencies in petitioner's income taxes *722 and additions to tax for 1975 and 1976. No stipulation of facts was filed in this case by the parties. Petitioner resided in Gillette, Wyoming, at the time that he filed his petition in this case. Whether he filed Federal income tax returns with the Internal Revenue Service is a question which we shall address when we reach the statute of limitations issue. During 1975 and for the first two months of 1976 petitioner worked as a self-employed welder. On March 1, 1976, he began to work for the Amax Coal Company of Gillette, Wyoming and was employed by that company for the rest of the year. When this case was called for trial petitioner offered no evidence to rebut the deficiencies in income taxes and additions to tax determined by respondent in the statutory notice. Rather, he invoked the privilege against self-incrimination under the Fifth Amendment and attempted to present a "constitutional" defense. [2] We shall deal with this matter before proceeding further. *723 The Fifth Amendment privilege does not apply where the taxpayer is not subject to a real and appreciable danger of self-incrimination; a remote or speculative possibility of prosecution for an unspecified crime is not sufficient. Lukovsky v. Commissioner,692 F.2d 527 (8th Cir. 1982), affg. per curiam an order of this Court; Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an order of this Court; Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979). Here the Court is satisfied that any possible danger of self-incrimination is so remote and so speculative that it cannot support a Fifth Amendment claim. Indeed, we think petitioner's Fifth Amendment claim is frivolous given the representation of respondent's counsel both at and before trial that petitioner is not the subject of any present or contemplated criminal investigation. See Edwards v. Commissioner,supra; see also Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Moreover, we note *724 that for at least 1975 the six-year statute of limitations for criminal tax prosecutions expired prior to the trial of this case. See section 6531. See also Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531 (7th Cir. 1977). [3]
We turn now to the adjustments to income and additions to tax set forth in the notice of deficiency. The Commissioner's determination is ordinarily presumed to be correct and it is the taxpayer who bears both the burden of persuasion (the ultimate burden) and the burden of going forward with the evidence. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. However, if the statutory notice is arbitrary or excessive, the burden of going forward with the evidence is shifted to the Commissioner. *725 Helvering v. Taylor,293 U.S. 507 (1935). In his petition the petitioner alleges that respondent's determinations are arbitrary. However, he did not press this contention at trial or on brief. Assuming that he did not abandon it, we think the contention is without merit. We see nothing in the record which would lead us to question whether respondent's determinations rest on a rational basis. Respondent's reconstruction of gross receipts based on the sales tax returns which petitioner himself filed with the State of Wyoming for the years before us does not strike us as arbitrary. See and compare Harbin v. Commissioner,40 T.C. 373, 376-377 (1963); Giddio v. Commissioner,54 T.C. 1530, 1532-1534 (1970). His allowance of deductions for business expenses based on an average of similar expenses claimed by petitioner on his returns for the two years immediately preceding the ones at issue also does not strike us as arbitrary. After all, deductions are a matter of legislative grace, New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934), and respondent would have been justified in allowing no deductions whatsoever. *726 In view of the foregoing, we hold that petitioner had the burden of going forward with the evidence. He did not satisfy this burden. Nor did he satisfy the ultimate burden of persuasion. Accordingly, there has been a complete failure of proof.Respondent's determinations are therefore sustained as to the deficiencies in income taxes and additions to tax set forth in the statutory notice. [4]
One issue remains. Petitioner contends that assessment of the deficiencies in tax and additions to tax is barred because of the expiration of the usual three-year statute of limitations. See section 6501(a). However, if a taxpayer fails to file a return, assessment may be made at any time. Section 6501(c)(3). We must therefore decide whether the documents filed by petitioner constitute "returns" for purposes of section 6501. The law is clear that "[t]ax forms that do not *727 contain information upon which tax liability may be computed are not returns within the meaning of the Internal Revenue Code." Edwards v. Commissioner,680 F.2d at 1269-1270. See also United States v. Brown,600 F.2d 248, 251 (10th Cir. 1979); Jarvis v. Commissioner,78 T.C. 646, 653-655 (1982). Petitioner filed Forms 1040 for 1975 and 1976 upon which there were virtually no numerical entries but merely "constitutional" objections. [5] Attached to these forms were letters, magazine and newspaper articles, and other documents, which together totaled well over 100 pages. The Forms 1040 and the material attached thereto are not returns. They do not, therefore, activate the statute of limitations. *728 To give effect to our conclusions, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. On brief, for the first time, petitioner alleges that all of his records were destroyed when a fire consumed his home in 1979. This allegation, even if true, would not believe petitioner of his burden of proof, discussed infra in the text. Fire or no fire, petitioner could have attempted to reconstruct his income through testimony and third-party records in an effort to disprove respondent's determinations. However, he did not do this but chose instead to rely on the Fifth Amendment↩.
3. During the pretrial stage of this case petitioner also invoked the Fourth Amendment. Assuming that he has not abandoned this claim, we hold that it is without merit. See Edwards v. Commissioner,680 F.2d at 1270; Cupp v. Commissioner,65 T.C. 68, 81-82 (1975), affd. by order 559 F.2d 1207↩ (3d Cir. 1977).
4. We might also add that petitioner failed to obey an order of this Court to produce certain books, records, and documents. The failure could have lead to the dismissal of his case. Rule 104(c)(3), Tax Court Rules of Practice and Procedure. See Kuever v. Commissioner,T.C. Memo. 1983-58↩.
5. On these forms petitioner invoked a variety of amendments. Assuming that he has not abandoned his claims under these amendments, we hold that those claims are without merit. See Tingle v. Commissioner,73 T.C. 816 (1980) (Ninth Amendment); Richardson v. Commissioner,72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Cupp v. Commissioner,supra (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner,62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Kasey v. Commissioner,457 F.2d 369 (9th Cir. 1972) (Fifth, Thirteenth, and Sixteenth Amendments), affg. per curiam 54 T.C. 1642 (1970); Acker v. Commissioner,26 T.C. 107, 114-115 (1956) (Eighth Amendment↩).