HAROLD V. GILLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gillen v. Commissioner
Docket No. 23915-81.
United States Tax Court
T.C. Memo 1983-164; 1983 Tax Ct. Memo LEXIS 623; 45 T.C.M. (CCH) 1082; T.C.M. (RIA) 83164; March 28, 1983. Harold V. Gillen, pro se. Juandell D. Glass, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to the tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651 (a) [1]
Sec. 6653(a)
Sec. 6654
1978
$8,219.98
$1,790.57
$411.00
$198.94
1979
10,061.23
2,515.31
503.06
420.55
Petitioner having filed "Fifth Amendment" returns, the only issue is whether petitioner has established any error in the determination of deficiencies and additions *624 to tax under section 6651(a) for failure to file returns, under section 6653(a) for negligence, and under section 6654 for failure to pay estimated taxes. FINDINGS OF FACT Most of the facts have been stipulated and are so found. During the taxable years 1978 and 1979 petitioner resided in Emporia, Kansas, and at the time of filing his petition in this case he resided in Americus, Kansas. During those years he was employed by the Atchison, Topeka and Santa Fe Railway Company. During 1978 he was paid wages in the amount of $26,799.96 from which Federal income taxes in the amount of $1,057.69 were withheld. During 1979 he was paid wages in the amount of $31,411.54 from which no Federal income tax was withheld. On March 13, 1978, petitioner had filed with his employer a Form W-4, Employee's Withholding Allowance Certificate, in which he claimed to be exempt from Federal income taxes. For the years 1978 and 1979, petitioner filed Forms 1040 that contained only his name, address, filing status (married filing separately), *625 name of spouse, names of children, Federal income tax withheld, [2] and his signature. Other than those entries, the lines on the Forms 1040 read either "object: self-incrimination" or "none." There is no pending or proposed criminal proceeding or investigation of any tax or nontax crime involving petitioner. There is no evidence suggesting petitioner has any basis to fear self-incrimination. On audit respondent determined petitioner's income based on his W-2 wages and a single exemption. In 1978 and 1979, petitioner was married and had two dependent children. His wife did not work outside the home, had no gross income either year, and did not file a separate Federal income tax return for either year. *626 OPINION Petitioner has the burden to establish any error in respondent's determination of deficiencies. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Petitioner presented no evidence to refute the deficiencies except on the matter of the dependency exemptions for his wife and two children.Instead petitioner asserted claims under the Fifth Amendment to the United States Constitution. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. McCoy v. Commissioner,696 F. 2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), *627 affd. 568 F. 2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think that petitioner's Fifth Amendment claim is frivolous in these circumstances. Edwards v. Commissioner,680 F. 2d 1268, 1270 (9th Cir. 1982). As the Court of Appeals for the Eighth Circuit recently stated in Lukovsky v. Commissioner,692 F. 2d 527 (8th Cir. 1982), affg. an order of this Court, "The fifth amendment may not be used as a subterfuge to avoid paying taxes." Essentially blank or "Porth-type" returns such as petitioner filed do not constitute tax "returns" for purposes of the Internal Revenue Code. United States v. Porth,426 F. 2d 519, 523 (10th Cir. 1970), cert. den. 400 U.S. 824 (1970). [3] Petitioner has not sustained his burden of proof to establish that his *628 failure to file a proper return was due to reasonable cause and not due to willful neglect within the meaning of section 6651(a). Fischer v. Commissioner,50 T.C. 164, 177 (1968). He has also failed to sustain his burden of proof to establish that his underpayment of tax was not due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Since petitioner failed to pay estimated tax, the addition under section 6654 is mandatory in this case. Bagur v. Commissioner,66 T.C. 817, 824 (1976); Durovic v. Commissioner,54 T.C. 1364, 1400 (1970), affd. on this issue 487 F. 2d 36 (7th Cir. 1973), cert. den. 417 U.S. 919 (1974); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). *629 To reflect the foregoing and to allow petitioner the benefit of the dependency exemptions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, unless otherwise noted.↩
2. The Form 1040 for 1978 listed the $1,057.69 Federal income tax withheld by his employer, Atchison, Topeka and Santa Fe Railway Company as reported on his Form W-2 for that year. The Form W-2 for 1979 does not reflect any withholding of Federal income tax by Atchison, Topeka and Santa Fe Railway, and the parties have stipulated that his employer did not withhold any taxes for that year. However, petitioner's Form 1040 for 1979 lists Federal income tax withheld in the amount of $102.75. The record does not explain this discrepancy.↩
3. This is a matter long settled in this and other courts. See United States v. Edelson,604 F. 2d 232, 234 (3d Cir. 1979); United States v. Johnson,577 F. 2d 1304, 1311 (5th Cir. 1978); United States v. Klee,494 F. 2d 394, 397 (9th Cir. 1974); United States v. Daly,481 F. 2d 28, 29 (8th Cir. 1973); Jarvis v. Commissioner,78 T.C. 646 (1982); Reiff v. Commissioner,77 T.C. 1169↩ (1981) and cases collated therein.