JOHN GERMAIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Germain v. Commissioner
Docket No. 23382-81
United States Tax Court
T.C. Memo 1983-220; 1983 Tax Ct. Memo LEXIS 564; 45 T.C.M. (CCH) 1374; T.C.M. (RIA) 83220; April 25, 1983. John Germain, pro se. Mark E. Rizik, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Petitioner's brief in this case states: The controversy to be decided is rooted in the area of a taxpayer who chooses to stand on his Constitutional Rights and a governmental agency who believes collecting taxes is above all rights of the taxpayers. We see this case, however, as an example of how some taxpayers would abuse principles set forth in the Constitution to "draw a conjurer's circle around the whole matter" as a subterfuge to avoid paying taxes. See United States v. Sullivan,274 U.S. 259 (1927), *565 one of the cases purportedly relied on by petitioner; Lukovsky v. Commissioner,692 F.2d 527 (8th Cir. 1982), affg. an Order of this Court. Certain of the facts have been stipulated and are found accordingly. At the time he filed his petition herein, petitioner was a resident of Lexington, Michigan. In April 1977, petitioner submitted to the Internal Revenue Service a U.S. Individual Income Tax Return, Form 1040, for the year 1976. On that form, petitioner listed his name and address, his occupation as "self-employed," his filing status as married filing separately, and his total exemptions as 1. On the lines provided on the form for information as to income and other information necessary for computation of tax due, asterisks were inserted. In all four margins of the form were preprinted statements concerning "filed under protest;" "petition for redress of grievances;" confusion as to the meaning of "dollars," etc.; desire not to waive constitutional rights; and request for immunity. For the taxable year 1977, petitioner submitted a similar form to the Internal Revenue Service. The forms submitted by petitioner for the years 1976 and 1977 were rejected by *566 respondent as not acceptable Federal income tax returns. No other forms were filed by petitioner for either year. Using the bank deposits method of reconstructing income, respondent determined deficiencies and additions to tax as follows: Year
Deficiency in
Additions to Tax
Ended
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1976
$2,152.77
$538.19
$107.64
$ 80.50
1977
$3,281.39
$820.35
$164.07
$117.00
The bank deposits method of reconstructing a taxpayer's income is an appropriate basis for respondent's determination when a taxpayer has failed to provide information necessary to compute that income, and the taxpayer has the burden of showing that respondent's determination is wrong. Hoefle v. Commissioner,114 F.2d 713 (6th Cir. 1940); Harper v. Commissioner,54 T.C. 1121, 1129 (1970); Jones v. Commissioner,29 T.C. 601, 613-614 (1957); Rule 142(a), Tax Court Rules of Practice and Procedure.Failure to produce evidence *567 in support of an issue of fact as to which a party has the burden of proof is a ground for dismissal or for determination of the affected issue against that party. Rule 149(b), Tax Court Rules of Practice and Procedure. See Lukovsky v. Commissioner,supra.
At the time of trial, petitioner made an opening statement in which he cited United States v. Sullivan,supra, and demanded immunity as a predicate for disclosing information about his tax liability. In response to questions from the Court, he stated that he had read the Sullivan case and other cases dealing with the Fifth Amendment and understood the rule that threat of incrimination must not be merely speculative but must have some reasonable basis. (See cases cited infra.) He declined to offer any evidence, however, with respect to potential incrimination or tax liability, without a grant of immunity. He acknowledged his understanding that this Court cannot grant immunity. ( Hartman v. Commissioner,65 T.C. 542, 547-548 (1975); see McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981).) He specifically *568 declined to present any evidence that the bank deposits included in calculating his income were other than taxable income or that he was entitled to deductions that were not allowed in respondent's determination. Numerous cases have held that submission of Forms 1040 comparable to those in issue here, asserting a blanket claim of privilege and refusing to supply any information from which a taxpayer's liability could be determined, is the equivalent of failure to make any return at all; such forms are inconsistent with a valid claim of privilege predicated upon a reasonable relationship between the information sought and a real and appreciable danger of criminal prosecution. United States v. Neff,615 F.2d 1235 (9th Cir. 1980); United States v. Johnson,577 F.2d 1304, 1310-1311 (5th Cir. 1978); United States v. Daly,481 F.2d 28 (8th Cir. 1973); Heligman v. United States,407 F.2d 448, 450 (8th Cir. 1969); United States v. Porth,426 F.2d 519 (10th Cir. 1970). Blanket claims of privilege are not justified. The absence of specific indications of a reasonable possibility of incrimination and the *569 tax protest nature of the materials printed on and attached to the Forms 1040 support an inference that petitioner's refusal to supply information was motivated by a desire to protest taxes rather than a fear of self-incrimination. See United States v. Neff,supra;Rechtzigel v. Commissioner,79 T.C. 132, 138-139 (1980), affd. per curiam     F.2d     (8th Cir. 1983). Although petitioner did not raise the issue at trial or in his brief, the petition asserts that the deficiencies are barred by the statute of limiations. Because petitioner failed to file returns for the years in issue, the tax due may be assessed at any time. Section 6501(c)(3); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision of this Court. Petitioner had the burden of proof with respect to the additions to tax and again offered no evidence. In any event, he could not have relied on a Fifth Amendment privilege in failing to file valid returns in view of the numerous cases holding that a blanket refusal to answer or refusal to answer in the absence of reasonable cause to apprehend a threat of incrimination is not *570 a valid assertion of the Fifth Amendment privilege. See Edwards v. Commissioner,supra.[2]
*571 Unexcused failure to file returns justifies imposition of additions to tax under both sections 6651(a) and 6653(a). See Thompson v. Commissioner,78 T.C. 558, 562-563 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981). The addition to tax for failure to pay estimated tax is mandatory absent exceptions not claimed or shown to apply here. Extenuating circumstances, even if they did exist, would be irrelevant. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960).All of the additions to tax must therefore be sustained. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. At trial petitioner indicated a familiarity with these cases, stating "Although it has been continuously ruled in Tax Court that the Fifth Amendment is frivolous, that does not negate the Supreme Court's rulings that the place to raise Constitutional challenges is on the return." This Court does not regard the Fifth Amendment as frivolous and is very concerned that unwarranted and inappropriate invocation of constitutional privileges will ultimately lead to cynicism in instances where an individual has a legitimate basis for concern and need for constitutional protection. Petitioner and the other self-styled "patriots" who arrogantly claim that they have superior understanding of constitutional principles, but who coincidentally do so only in a manner of pecuniary advantage to themselves, would make a mockery of the constitutional guarantees; they create a backlog that impedes the functioning of a system designed to resolve genuine controversies, see Hatfield v. Commissioner,68 T.C. 895, 899↩ (1977), and create a risk of backlash undermining the rights of all citizens.