MATTHEW J. McFARLAND, JR. AND LINDA A. McFARLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McFarland v. Commissioner
Docket No. 7054-83.
United States Tax Court
T.C. Memo 1983-448; 1983 Tax Ct. Memo LEXIS 339; 46 T.C.M. (CCH) 889; T.C.M. (RIA) 83448; July 28, 1983. Russell K. Stewart, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: On May 4, 1983, respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Rule 40. [1]
In a statutory notice dated December 29, 1982, respondent determined a deficiency in petitioners' Federal income tax and addition to tax under section 6651(a)(1) [2] in the amounts of $1,700 and $486.75, respectively, for 1979. *341 In the notice respondent disallowed deductions claimed by petitioners for employee business expenses, charitable contributions, and work clothes, tools and equipment. Respondent also adjusted deductions claimed by them for medical expenses and sales tax. On March 31, 1983, petitioners filed a petition with this Court in which they disputed the deficiency and addition to tax determined by respondent in the notice of deficiency. They also claimed an overpayment in the amount of $2,819. Petitioners also filed a request for place of trial in which they asked that the trial of their case be held in Philadelphia, Pennsylvania. That request was granted on March 31, 1983. In their petition the petitioners alleged as follows: a. Petitioners have filed valid 1040X form with I.R.S. District Office in compliance with sec. 6511(a), rendering notice of deficiency illegal and in procedural defect. b. Notice of deficiency in error and in violation of sections 6532(a), 7422(a), and Constitutional amendments, not exclusive, 4, 5, and 7. c. Petitioners *342 hereby deny this court's jurisdiction. See a, b, c, above. d. Petitioners not liable for notice of deficiency for the above, but not limited to, specific reasons, stated above. e. Petitioners demand refund of filing fees forwarded and postage fees. See a, and b above. On June 20, 1983, petitioners filed with the Court in Washington, D.C., a document styled "Motion for Continuance and change of Location." Petitioners apparently filed this motion in response to the court's Notice of Hearing dated May 9, 1983, in which respondent's motion was calendared for hearing in Philadelphia, Pennsylvania, on June 20, 1983. Petitioners' motion was signed on June 15, 1983, in Forked River, New Jersey. [3] In their motion petitioners set forth three reasons for a continuance and change of place of trial: (1) the fact that their counsel informed them that "he will be gone to Germany for special training seminar, during presently scheduled court date of June 20, 1983"; (2) the fact that "petitioners have just been unexpectantly advised by real estate broker that the closing date for sale of property will take place on that date"; and (3) the fact that "petitioners will relocate in the *343 Washington, D.C. area and request hearing before the Washington, D.C. branch." Petitioners concluded that a harmful and financial burden would be unduly placed upon petitioners to appear on the presently scheduled date. An attorney will have to be retained to represent us in the Washington district. Rule 134 provides in pertinent part that A motion for continuance, filed 30 days or less prior to the date to which it is directed, may be set for hearing on that date, but ordinarily will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not making the motion sooner. * * * [Emphasis added.] Rule 140(d) provides that If either party desires a change in the designation of the place of trial, he shall file a motion to that effect, stating fully his reasons therefor. Such motions, made after the notice of the time of trial has been issued, will not be deemed to have been timely filed. [Emphasis added.] Here petitioners waited until June 20, 1983, the day of the hearing, to file their motion. They also *344 filed it with the Court in Washington, D.C., rather than in Philadelphia, Pennsylvania, thus insuring that it would not be acted upon at the scheduled hearing in the city they themselves selected for trial. In addition, we are not particularly impressed with the grounds for petitioners' motion. We note that the Court's official file does not disclose that any attorney has ever entered an appearance on their behalf either before or after the hearing on June 20, 1983. We also question whether petitioners had no control over the alleged closing date or whether it simply was more convenient for them to attend to that matter and shirk their responsibility to this Court, whose jurisdiction they invoked by filing a petition. In view of the foregoing we deny petitioners' motion for a continuance and change of place of trial. We turn now to respondent's motion to dismiss for failure to state a claim. Rule 34(b) provides, in pertinent part, that the petition in a deficiency action shall contain (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. * *345 * * Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered. (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * * [Emphasis added.] See Jarvis v. Commissioner,78 T.C. 646, 658 (1982); Gordon v. Commissioner,73 T.C. 736, 739 (1980). In our view the petition raises no justiciable error respecting respondent's disallowance of the deductions claimed by petitioners. At paragraph 4.d. of their petition the petitioners allege that they are not liable for the deficiency and the addition to tax "for the above, but not limited to, specific reasons, stated above." We shall address the "above specific reasons" momentarily. Regarding the remaining undisclosed reasons, if any, and assuming arguendo that petitioners have assigned error to respondent's deficiency determination, they have alleged no justiciable facts to support such an assignment anywhere in their petition. In any event, the assignment is vague. Turning now to the "above specific reasons," we think they are uniformly without merit. First, *346 respondent issued a valid notice of deficiency and petitioners filed a timely petition. Therefore, this Court has jurisdiction over this case. Sections 6212, 6213, and 6214; Rule 13. Second, the determination made by respondent in the notice of deficiency is presumed correct. The burden of proof is on petitioners, not respondent, to show that the determination is wrong, and the imposition of this burden is constitutional. Welch v. Helvering,290 U.S. 111, 115 (1933); Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979); Rule 142(a). Third, petitioners allege no facts whatsoever to even suggest that there might be some constitutional infirmity in this case. Moreover, we have repeatedly rejected such claims in other cases on the facts presented. See, e.g., McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983) (Fourth, Fifth, and Seventh Amendments), affg. 76 T.C. 1027 (1981); Lukovsky v. Commissioner,692 F.2d 527 (8th Cir. 1982) (Fifth Amendment), affg. per curiam an order of this Court; Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982) (Fourth and Fifth Amendments), affg. *347 per curiam an order of this Court; Burns v. Commissioner,76 T.C. 706 (1981) (Fifth Amendment); Tingle v. Commissioner,73 T.C. 816 (1980) (Ninth Amendment); Richardson v. Commissioner,72 T.C. 818 (1979) (Fourth, Fifth, Ninth, and Tenth Amendments); Wilkinson v. Commissioner,supra (Fifth and Sixth Amendments); Cupp v. Commissioner,65 T.C. 68 (1975), affd. by order 559 F.2d 1207 (3d Cir. 1977) (First, Fourth, Sixth, Seventh, and Sixteenth Amendments); Roberts v. Commissioner,62 T.C. 834 (1974) (Fourth, Fifth, Fourteenth, and Sixteenth Amendments); Kasey v. Commissioner,457 F.2d 369 (9th Cir. 1972) (Fifth, Thirteenth, and Sixteenth Amendments), affg. per curiam 54 T.C. 1642 (1970); Acker v. Commissioner,26 T.C. 107 (1956) (Eighth Amendment). Fourth, the fact that petitioners may have filed an amended return does not render the statutory notice "illegal and in procedural defect" as they claim. See Estate of Dula v. Commissioner,23 T.C. 646, 653 (1955), affd. sub nom. Polt v. Commissioner,233 F.2d 893, 897 (2d Cir. 1956); *348 Tumlinson v. Commissioner,T.C. Memo. 1983-92; cf. Easter v. Commissioner,338 F.2d 968, 969-970 (4th Cir. 1964), affg. per curiam a Memorandum Opinion of this Court; Owens v. Commissioner,50 T.C. 577, 583 (1968). Fifth, the statutory authority cited by petitioners (sections 7422(a) and 6532(a)) is inapposite because it has to do with civil actions by taxpayers for refund in United States District Courts and the United States Claims Court. Finally, we think it is noteworthy that petitioners were afforded the opportunity to respond to respondent's motion. They could have appeared at the hearing in Philadelphia on June 20, 1983, or submitted a written statement of their position together with any supporting documents. Rule 50(d). However, they failed to do so. In our opinion petitioners have not properly prosecuted their case in compliance with this Court's rules of practice. Accordingly, respondent's motion will be granted, this case will be dismissed, and decision will be entered against petitioners. This dispositon precludes any award of reasonable litigation costs as prayed by petitioners. See section 7430. An appropriate *349 order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
3. In their petition the petitioners indicated that they reside in Forked River, New Jersey.↩