RONALD K. LAWRENCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lawrence v. Commissioner
Docket No. 8043-82.
United States Tax Court
T.C. Memo 1983-497; 1983 Tax Ct. Memo LEXIS 293; 46 T.C.M. (CCH) 1137; T.C.M. (RIA) 83497; August 17, 1983. Ronald K. Lawrence, pro se. Richard J. Sapinski, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case is before us on respondent's Motion to Compel Production of Documents or to Impose Sanctions upon Petitioner and petitioner's Motion to Compel Production of Documents or to Impose Sanctions upon Respondent. A hearing on these motions was held at Newark, New Jersey, on May 23, 1983. Petitioner and counsel for respondent were present and argued both motions.Petitioner has also filed a notice of objection to respondent's motion. On January 29, 1982, respondent mailed a notice of deficiency to petitioner in which he determined the following deficiency in Federal *294 income tax and additions to tax for the taxable year 1978: Additions to Tax
Deficiency
Section 6651(a)(1)
Section 6653 [1]
$11,619.24
$1,364.05
$580.96
The deficiency is based on a single adjustment to income and a determination that petitioner was married, rather than single, on the last day of the taxable year. The adjustment to income relates to compensation paid directly and without restriction on its use to petitioner in his capacity as a salesman for IBM Corporation. The adjustment is explained in the statutory notice as follows: WAGES
It is determined that during the taxable year ended December 31, 1978 you received wages in the total amount of $33,301.40 which are includable in your gross income under Section 61(a)(1) of the Internal Revenue Code of 1954 as compensation for services. The exclusion of the foregoing sums from your gross income and/or your claimed exemption from taxation based on your allegedly having become a minister and having taken a "Vow *295 of Poverty" is not allowable for federal income tax purposes. On a Form 1040 for 1978 petitioner had reported compensation of $33,301.40 but claimed that he was exempt from Federal income tax and consequently had reported no tax liability. He had also attached to that form a Wage and Tax Statement ("W-2") from IBM Corporation reflecting the payment of compensation, a "Minister's Certificate" and "Vow of Poverty," and a "Directive Letter" purporting to define his status as an agent for a "religious order." Respondent's Motion
On December 2, 1982, respondent served petitioner with a request for production of documents pursuant to Rule 72. [2] The request asked that petitioner produce the following documents for inspection and copying: 1. All records (e.g., payroll stubs, forms W-2, employment contracts) concerning the receipt by petitioner (individually or as alleged agent of the "church") of income or wages for services rendered to third-parties in the year 1978. 2. All checking account statements, deposit slips and cancelled checks as to each and every checking account maintained in the individual name of the petitioner during any part of the year 1978. 3. All *296 checking account statements, deposit slips and cancelled checks drawn by petitioner or any family member of petitioner (including spouse, children, brothers, sisters, parents, in-laws, cousins, etc.) for any accounts maintained during any part of the year 1978 in the name of the "church" through which petitioner claims exemption from tax. 4.A copy of the organizational certificate and any other such documents (i.e., articles of incorporation or association) of the "church" through which petitioner claims exemption from tax. 5. A copy of the by-laws of the "church" referred to in Item #4, above. 6. Records of the members of the "church" referred to in Item #4, above for the year 1978. 7. All minutes and minute books of shareholder, director, trustee or governing board meetings and any other minutes or minute books for the "church" referred to in Item #4, above. 8. A copy of your job description prior to the date you executed your "vow of poverty" and a copy of your job description subsequent to that date. 9. All contracts or agreements in effect during the taxable years between you and your employer(s) regarding your services. 10. All contracts or agreements *297 in effect during the taxable year 1978 between your employer(s) and any church(es) or religious organization(s) regarding your services. On January 10, 1983, petitioner served his response to respondent's request. [3] He did not produce any documents but rather asserted various objections, principally that certain documents are the property, and under the control, of the "Church of Freedom and Serenity." On February 22, 1983, respondent filed his motion to compel production. Petitioner filed a notice of objection in response to that motion on March 15, 1983.
Petitioner's Motion
On December 28, 1982, petitioner served respondent with a purported request for production of documents pursuant to Rule 72. [4] Paragraphs 3, 4, 5, and 11 of the 11-paragraph request provide as follows: 3.Supply the names, addresses, home telephone numbers, business telephone numbers, occupations and places of employment of all of the IRS employees who have viewed or handled the petitioner's 1978 tax files, *298 or with whom these files have been discussed. Also, indicate what action each person took regarding and or all contents of such files. 4. Supply copies of the following manuals: a. Exempt Organization's Handbook b. Training Manual For Witholding Tax Agents c.Any other manual not generally available to the public which trains agents in the issuing of notices of deficiencies and witholding taxes from members of religious orders. 5. Supply the names, addresses, home telephone numbers, business telephone numbers, occupations, and places of employment of each and every person who knows anything about the petitioner's case who could be called upon to testify for or against the petitioner. Give a resume of the testimony of each such witness. * * * 11. Indicate any and all information in your file pertaining to or about the petitioner, including, but not limited to the 1040 Federal Tax Return for 1978, notes of agents, supervisors, and all IRS employees, and all other information whether in your file or not. *299 On January 7, 1983, respondent served his response to petitioner's request. He answered paragraphs 1, 2, and 6 through 10 but objected to paragraphs 3, 4, 5, and 11 as follows: 3. Objection--overbroad and improper, except as noted below. 4. Objection--the request is overbroad and relates to documents wholly irrelevant to the issues in the case. 5. Objection--overbroad and improper except as noted below. 11. Objection--overbroad and improper except as noted below. Respondent will make available for your inspection in Room 904 * * * during business hours for one week commencing January 24, 1983 copies of the 1978 Form 1040, all attachments thereto, Revenue Agent's Report, Statutory Notice and/or any other documents used in the determination of the deficiency for 1978 and/or which respondent has in his possession and anticipates using at trial. Respondent's evidence for trial is subject to continuing development in the future as are the identities of any potential witnesses. As of the present time, and assuming all documentary evidence can be stipulated the respondent does not anticipate calling any witnesses. On May 5, 1983, petitioner filed his motion to *300 compel production. In his motion petitioner challenges respondent's objections to paragraphs 3, 4, 5, and 11 and states as follows: 4. The basic issues before the Court are: a) Was the Statutory Notice of Deficiency issued by the Respondent groundless, punitive and arbitrary in nature? b) Respondent's refusal to acknowledge PETITIONER'S status as an agent of the Life Science Church. c) Is a Statutory Notice of Deficiency, issued while Respondent is in violation of the Privacy Act, valid? 5. PETITIONER requires items 3 and 5 of the Requests for Production of Documents to take depositions from witnesses in conjunction with establishing 4.a and 4.c before the Court. 6. PETITIONER requires the documents in item 4 of the Requests for Production of Documents in order to establish before the Court that Respondent has established a "hit list" of churches that includes PETITIONER'S church. These documents directly relate to the issues (4.a-c above) before the Court, and place Respondent in violation of the First Amendment to the United States Constitution. 7. PETITIONER requires the documents in item 11 of the Requests for Production of Documents in conjunction with establishing *301 4.a and 4.c (above) before the Court. Disposition of the Parties' Motions
We shall begin with respondent's Motion to Compel Production of Documents or to Impose Sanctions upon Petitioner. Rule 72 deals with requests for the production of documents and things and is subject to the general provisions of Rule 70. Subsection (b) of Rule 70 provides in part that "[t]he information or response sought through discovery may concern any matter not privileged and which is relevant to the subject matter involved in the pending case." Petitioner's principal contentions are that we should deny respondent's motion because the documents requested are irrelevant, are not petitioner's property, and are protected by the First, Fourth, and Fifth Amendments. For the reasons which follow we reject each of these contentions. At the hearing on May 23, 1983, petitioner stated that the documents requested by respondent are irrelevant to the issues that petitioner wishes the Court to consider (see page 7, supra) but conceded that they are relevant to the issues raised by the notice of deficiency: So although I grant in closing, Your Honor, in defense of my motion, although I grant that *302 [respondent] is entirely correct if I accept his determination of what the issue is before the Court then I cannot challenge his request for production of documents, nor does he have to provide me with what I asked for, but it is the Court who accepted my petition, not [respondent], and it is in my petition that the issues are defined.
Petitioner is plainly wrong if he thinks he can file a petition with this Court, ignore respondent's determinations, and address only those issues which he finds of interest. Absent a concession, we will decide whether there is a deficiency in petitioner's Federal income tax and additions to tax for the taxable year 1978 or whether petitioner is exempt from tax as he claims. The documents requested by respondent are directly relevant to those issues. [5] Petitioner recognizes that fact. We need say no more. *303 Petitioner also contends that most of the documents requested by respondent are not his (i.e., petitioner's) property. Ownership, however, is irrelevant for purposes of Rule 72. Rather, the rule clearly provides that a document must be produced if it is in the "possession, custody or control" of the party served. Rule 72(a)(1). Also, it does not matter in what capacity the party has possession, custody or control of the requested document. Thus, for example, documents over which petitioner has possession, custody or control in his capacity as a "minister" of the "Church of Freedom and Serenity" are properly subject to respondent's request for production. We are left with petitioner's constitutional arguments. We begin with the Fifth Amendment. The Fifth Amendment privilege does not apply where the taxpayer is not subject to a real and appreciable danger of self-incrimination; a remote or speculative possibility of prosecution for an unspecified crime is not sufficient. McCoy v. Commissioner,696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Lukovsky v. Commissioner,692 F.2d 527 (8th Cir. 1982), affg. per curiam *304 an order of this Court; Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an order of this Court; Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979). Here the Court is satisfied that any possible danger of self-incrimination is so remote and so speculative that it cannot support a Fifth Amendment claim. The fact that petitioner was contacted as a witness by one of respondent's special agents conducting an investigation of an individual involved in the Life Science Church does not persuade us to the contrary. The contact occurred three years ago. Furthermore, respondent's counsel represented at the hearing on May 23, 1983, that neither petitioner nor his "church" is the subject of any criminal investigation. See Edwards v. Commissioner,supra; see also Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Petitioner's Fourth Amendment claim is similarly to no avail. In rejecting another taxpayer's similar claim as "without foundation and utterly devoid *305 of merit," the Ninth Circuit stated as follows: Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure. [Edwards v. Commissioner,680 F.2d at 1270.] Cf. Cupp v. Commissioner,65 T.C. 68, 81-82 (1975), affd. by order 559 F.2d 1207 (3d Cir. 1977). We come now to petitioner's First Amendment claim. Relying on Lemon v. Kurtzman,403 U.S. 602 (1971), petitioner raises the specter of excessive entanglement between the Federal government and religion. See also Walz v. Tax Commission,397 U.S. 664 (1970). However, we do not think an inquiry into the taxability of compensation paid directly and without restriction on its use to a taxpayer in his or her capacity as an employee of a corporate employer involves excessive entanglement. After all, Not all burdens on religion are unconstitutional.See, e.g., Prince v. Massachusetts,321 U.S. 158 (1944); Reynolds v. United States,98 U.S. 145 (1879). The state may justify a limitation on religious *306 liberty by showing that it is essential to accomplish an overriding governmental interest. Thomas [v. Review Bd. of Indiana Employment Sec.,450 U.S. 707, 718 (1981)]; Wisconsin v. Yoder,406 U.S. 205 (1972); Gillette v. United States,401 U.S. 437 (1971); Sherbert v. Verner,374 U.S. 398 (1963). [United States v. Lee,455 U.S. 252, 257-258 (1982).] In Lee the Supreme Court [6] held that the First Amendment does not prohibit the enforced payment of social security taxes even though the payment of taxes and the receipt of benefits violates the taxpayer's religious beliefs. [7] See Christian Echoes National Ministry, Inc. v. United States,470 F.2d 849, 857 (10th Cir. 1972) ("tax exemption is a privilege, a matter of grace rather than right"). See also Stephenson v. Commissioner,79 T.C. 995 (1982), where we held that a taxpayer could not exclude (or deduct) wages and other amounts received on the theory that he was an agent of either a church which he purportedly created or the parent church (the Life Science Church) which allegedly ordained him as a minister. *307 We think the foregoing resolves petitioner's principal objections. We have also considered his remaining objections but find them equally unpersuasive.Accordingly, respondent's motion to compel production will be granted.
We turn now to petitioner's Motion to Compel Production of Documents or to Impose Sanctions upon Respondent. As will be recalled, petitioner challenges respondent's objections to four paragraphs of his request for production on the basis that he needs the information *308 called for by those paragraphs in order to address his so-called "basic issues." See page 7, supra.To address those issues one would have to look behind the notice of deficiency. It is well established, however, that this Court will not generally look behind a notice of deficiency in order to examine the evidence used, the propriety of the Commissioner's motives, or the administrative policy or procedure involved in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). We have recognized an exception to this rule "when there is substantial evidence of unconstitutional conduct on respondent's part and the integrity of our judicial process would be impugned if we were to let respondent benefit from such conduct." Greenberg's Express, Inc. v. Commissioner,supra at 328. In the present case, however, there is no evidence whatsoever of unconstitutional conduct on respondent's part. Under these circumstances we think the information called for by petitioner in his request for production is irrelevant. See Rule 70(b). His motion will therefore be denied. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that petitioner did not serve his response within the 30-day period specified by Rule 72(b).↩
4. Petitioner also served respondent with a set of interrogatories and a request for admission. Respondent served petitioner and filed with the Court answers and objections to the request for admission. See Rule 90(c). The record does not disclose the manner in which respondent may have responded to the interrogatories. However, we note that Rule 71(c) provides that a responding party shall not file his response with the Court.↩
5. See Stojalowsky v. Commissioner,T.C. Memo. 1983-236↩, where we held that a subpoena duces tecum seeking documents absolutely identical (except as to year) to those sought herein by respondent in his request for production "was not overly broad, and covered matters which were clearly material and relevant in the resolution of the issues which were presented to us." We described those issues as follows: * * * whether petitioner received wages in the calendar year 1979 in the total amount of $14,305.00 which he failed to report as taxable income in that year, and whether such wages, if received, were properly excludable from his income, on the grounds that such amounts were received by him as agent of a church, named the Freedom Church of Revelation, for whom he was acting under an alleged vow of poverty.
6. We note that United States v. Lee was authored by Chief Justice Burger, the same justice who authored the Court's opinions in Lemon v. Kurtzman,supra, and Walz v. Tax Commission,supra.↩
7. In so holding the Court stated as follows: The tax system could not function if denominations were allowed to challenge the tax system because tax payments were spent in a manner that violates their religious belief. [Citations omitted.] Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax. [455 U.S. at 260↩].