LUCIAN T. ZELL II, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zell v. Commissioner
Docket No. 24055-82.
United States Tax Court
T.C. Memo 1984-152; 1984 Tax Ct. Memo LEXIS 518; 47 T.C.M. (CCH) 1371; T.C.M. (RIA) 84152; March 28, 1984. Lucian T. Zell II, pro se. Michael J. Cooper, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Year
Deficiency in
Additions to Tax, I.R.C. 1954
Ended
Income Tax
Sec. 6653(b)
Sec. 6654
1976
$3,680.11
$1,840.06
$132.22
1977
3,862.38
1,931.19
137.29
1978
3,020.00
1,510.00
96.64
1979
3,221.00
1,610.50
134.71
*520 Petitioner disputes the taxable nature of his Air Force pension income and seeks deduction of expenses incurred in relation to an activity known as "Taxpayers Anonymous." He also contests the additions to tax for fraud. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation and supplemental stipulation are incorporated herein by this reference. Petitioner was a resident of Colorado Springs, Colorado, at the time he filed his petition herein. Petitioner received a bachelor of science degree in economics and government from Sacramento State College, Sacramento, California. He retired from the United States Air Force in 1963 with a rank of Colonel, and thereafter he received a military pension. He started filing Federal income tax returns sometime after World War II and continued to do so until 1975. On or about January 15, 1976, petitioner and his wife filed a joint individual income tax return for 1975. On that return, they reported, among other things, income from petitioner's Air Force pension. They claimed two personal exemptions and itemized deductions totaling $6,263. The 1975 return was prepared by petitioner. On or about February 3, 1976, petitioner *521 submitted a Form W-4, Employee's Withholding Allowance Certificate, to the Department of the Air Force. On that form he certified, under penalty of perjury, that he was entitled to 13 withholding allowances. That certificate was false. As a result, only $110.87 Federal income tax was withheld from petitioner's pension during 1976, and no amounts were withheld during 1977, 1978, or 1979.
During the years in issue, petitioner's pension was paid in the following amounts: 1976
$13,184.60
1977
14,029.82
1978
15,069.54
1978
16,494.54
The said amounts were shown on Forms W-2P, Statement for Recipients of Annuities, Pensions or Retired Pay, issued to petitioner by the Air Force. During 1976, 1977, and 1978, petitioner received compensation for services rendered to various parties. He also received interest and dividend income. During 1977, petitioner commenced a program of selling stock through a brokerage firm in Milwaukee, Wisconsin. During 1977 and 1978, petitioner engaged in commodities transactions through brokers in Chicago, Illinois. On or about April 14, 1977, petitioner signed and tendered to respondent a Form 1040 for the year 1976. On or *522 about April 10, 1978, petitioner executed and tendered to respondent a Form 1040 for the year 1977. In the margins of and attached to each form were various constitutional objections and tax protest statements. In lieu of information as to his social security number, exemptions, income, adjustments to income, deductions, and other information necessary to determination of his tax liability, petitioner inserted asterisks or the word "NONE." During the years in issue, petitioner organized and participated in seminars on various types of challenges to the income tax system. Some of his activities were conducted under the name "Taxpayers Anonymous." During those years he also became interested in attempts to avoid income taxes through the use of trusts. He became a consultant to an organization known as "Family Estate Publishers" and received at least one commission from the McKenzie Educational Trust. On or about January 8, 1979, petitioner purported to transfer certain real property to "The L. T. Zell Family Trust," purportedly established through a trust indenture of the same date. By letter dated May 13, 1977, petitioner was advised that the Form 1040 tendered by him for *523 1976 did not meet the requirement of a Federal income tax return, and he was at the same time given notice of his obligation to file returns. By letter dated May 24, 1977, petitioner responded to that notice, asserting that the disputed form constituted an exercise of his privilege under the Fifth Amendment. On March 1, 1979, petitioner was contacted by special agents of respondent, who advised him that they were investigating the possibility of criminal violations of the internal revenue laws. Petitioner did not file any Federal income tax returns for 1978 or 1979. On or about December 20, 1980, he was advised that his tax liability for 1978 and 1979 was being reviewed by one of respondent's agents. On or about January 6, 1981, petitioner wrote to respondent, claiming that his wages were not taxable income and that he was not required to file a tax return and asserting other frivolous objections to the income tax. OPINION Petitioner Has Failed to Satisfy His Burden of Proof with Respect to the Deficiency and the Additions to Tax Under Section 6654 [1]
*524 A statutory notice of deficiency is presumed correct, and petitioner has the burden of satisfying us that respondent's determinations of income and deductions are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). As to income, in this case petitioner has presented nothing but frivolous arguments. Unless expressly excluded by statute, gross income for tax purposes includes all "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 431 (1955). Section 61 states that "gross income means all income from whatever source derived, including (but not limited to)" various enumerated items specifically including compensation for services, interest, dividends, and pensions. Pensions and retirement allowances paid by the Government constitute gross income under this section. Section 1.61-11, Income Tax Regs.Petitioner has not raised any dispute as to the amount of these income items determined by respondent. His brief merely reiterates frivolous arguments and spurious semantic games that have been repeatedly rejected by this and other courts. See, *525 e.g., United States v. Moore,692 F.2d 95 (10th Cir. 1979, as amended Oct. 26, 1982); Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), on appeal (2d Cir., Sept. 13, 1983). Respondent has conceded certain deductions for interest and real estate taxes substantiated by petitioner. Respondent has also stipulated to a schedule of other payments made by petitioner during the years in issue but has challenged the deductibility of those items. Deductions are a matter of legislative grace, and petitioner must show that he is entitled to deduct the payments made under some section of the Internal Revenue Code. See New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioner contends that most of the items are business expenses deductible under section 162. Petitioner has totally failed to prove that he was engaged in a trade or business during the years in issue, that the activities in which he was engaged were accompanied by a profit objective, or that the payments for which deductions are claimed were not personal *526 living expenses expressly made nondeductible by section 262. In any event, as to certain types of expenses, such as claimed "away-from-home expenses," he has filed to meet the substantiation requirements of section 274. Although he did received minimal amounts of income from some of his activities, he has not shown how much, if any, of the expenses were allocable to the production of such income. To the extent that the nature of the various expense items claimed has been explained, it appears that such items are nondeductible personal expenses. For example, petitioner claims legal expenses that were attributable to a traffic violation and included the fine paid and a jury fee. He claims travel expenses related to the activities of Taxpayers Anonymous, including expenses connected with meetings with persons described by petitioner as "prospects that I needed to see, who may or may not have been interested in tax protest." Petitioner testified that at some point he became a distributor of Amzoil health products, but he wasn't sure when he started that distributorship. He admitted that he never made any profit from that activity, and he has presented no evidence that he had *527 an actual and honest profit objective in relation to any of the activities engaged in by him. See section 183; Dreicer v. Commissioner,78 T.C. 642 (1982), affd. in an unpublished opinion 702 F.2d 1205 (D.C. Cir. 1983). Although certain payments made by petitioner are characterized as contributions, petitioner has not shown to whom they were paid or that the recipient is an organization specified in section 170(c). With the exception of the stipulated interest and taxes, decuctible under sections 163 and 164, respectively, petitioner has failed to show his entitlement to deductions and, therefore, none can be allowed. Petitioner also claims a deduction for a purported capital loss carryover, but he did not present any evidence of how the loss was incurred or how much had been applied to his tax liability for prior years. He presented a copy of a schedule and some early returns showing claimed capital losses, but those items at most show that his present claim is not a recent fabrication. He has again failed to satisfy his burden of proof. See, e.g., Davis v. Commissioner,674 F.2d 553 (6th Cir. 1982), affg. a Memorandum Opinion *528 of this Court; Naegle v. Commissioner,T.C. Memo. 1965-212, affd. per curiam 378 F.2d 397 (9th Cir. 1967). Finally, petitioner failed to offer any evidence with respect to the additions to tax under section 6654. Those additions are, in any event, mandatory absent exceptions not applicable here. Grosshandler v. Commissioner,75 T.C. 1 (1980). Respondent Has Satisfied His Burden of Proving Fraud
The 50 percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); *529 Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establishd the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Failure to file tax returns, without more, is not proof of fraud; such omission may be consistent with a state of mind other than the intention and expectation of defeating the payment of taxes. Stoltzfus v. United States,supra;Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), reversing a Memorandum Opinion of this Court. Failure to file, *530 however, may be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner,supra at 93. The purported returns filed by petitioner for 1976 and 1977 were so deficient in providing information about petitioner's tax liability as to be equivalent to failure to file returns. United States v. Porth,426 F.2d 519 (10th Cir. 1970); United States v. Neff,615 F.2d 1235 (9th Cir. 1980); Reiff v. Commissioner,77 T.C. 1169 (1981). Petitioner has admitted his failure to file any forms purporting to be income tax returns for 1978 or 1979. In this case there is no question that petitioner's purpose in failing to file returns was to avoid the payment of taxes that he claims he was not obligated to pay. As indicated above, his claim that he did not receive income is frivolous. The absence of specific indications of a reasonable possibility of incrimination and the tax protest nature of the materials printed on and attached to the Forms 1040 tendered to respondent by petitioner for 1976 and 1977 support an inference that petitioner's refusal *531 to supply information was motivated by a desire to evade taxes rather than a fear of self-incrimination. See United States v. Neff,supra;Rechtzigel v. Commissioner,79 T.C. 132, 138-139 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983). There is, of course, other evidence of fraud in this case, notably the false withholding certificate supplied to the Air Force for the purpose and with the effect of preventing withholding from petitioner's pension. If petitioner's Fifth Amendment concerns were genuine and not intended as a "subterfuge to avoid paying taxes," Lukovsky v. Commissioner,692 F.2d 527, 528 (8th Cir. 1982), affg. an order of this Court, his privilege would not have been abridged by payment of taxes through withholding. The evidence compels the conclusion that his claim of 13 withholding allowances was carefully calculated to avoid withholding and had no reasonable relationship to any deductions to which he was entitled. Filing of false withholding certificates has repeatedly been held by this Court to be evidence of fraud. See Rowlee v. Commissioner,80 T.C. 1111, 1125-1126 (1983), *532 on appeal (2d Cir., Sept. 13, 1983); Hebrank v. Commissioner,81 T.C. 640 (1983); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), on appeal (6th Cir., June 7, 1983); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). In this case, respondent has presented additional evidence that petitioner conducted his affairs in a manner calculated to avoid satisfaction of his tax liabilities. That inference may be drawn from the maintenance of accounts at places distant from petitioner's residence and from the purported transfer of petitioner's real property to a "family trust." The Court of Appeals for the Tenth Circuit, to which this case is appealable, has recently followed other circuit courts and this Court in holding that such trusts are "mere shams designed for tax avoidance purposes." Holman v. United States,     F.2d     (10th Cir., Feb. 29, 1984) [84-1 USTC P9265]. Inasmuch as petitioner has not offered any other reason for these transactions, we treat them as additional evidence of fraud. See generally Spies v. United States,317 U.S. 492, 499 (1943). Finally, we should note *533 that petitioner's education and obvious intelligence are relevant to our determination of fraud. We are convinced that he knew that the various schemes he invoked were not legitimate tax avoidance devices but were an orchestrated program of tax evasion. [2]
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner contends that he asserted his various positions in good faith and in reliance on various authorities and so advised respondent. He wrote two letters, one in 1977 after it was called to his attention that the form filed by him for 1976 was unacceptable, and one in January 1981, long after he commenced upon his frivolous course of conduct and after an investigation into his activities had been commenced. This case is clearly distinguishable from Raley v. Commissioner,676 F.2d 980 (3d Cir. 1982). See Jenny v. Commissioner,T.C. Memo. 1983-1; Fuhrmann v. Commissioner,T.C. Memo. 1982-255; Fahy v. Commissioner,T.C. Memo. 1982-37↩.