ALAN G. COOPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 18807-81.
United States Tax Court
T.C. Memo 1984-318; 1984 Tax Ct. Memo LEXIS 357; 48 T.C.M. (CCH) 340; T.C.M. (RIA) 84318; June 21, 1984. Alan G. Cooper, pro se. Martin F. Klotz, for the respondent. WILES
MEMORANDUM FINDINGS OF FACTS AND OPINION WILES, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1972
$2,299.00
$1,149,50
1973
846.00
423.00
1974
875.00
437.50
1975
941.00
470.50
1976
987.00
579.50
The issues for decision are: (1) Whether the statute of limitations bars assessment and collection of the deficiencies for petitioner's 1972 and 1973 taxable years; (2) whether petitioner had unreported income for the years in issue; (3) whether petitioner is liable for the self-employment tax under section 1401 for his *359 1972 taxable year; and (4) whether petitioner is liable for the fraud addition to tax under section 6653(b) for each of the years in issue. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Alan G. Cooper (hereinafter petitioner) resided in Carlsbad, California, at the time he filed his petition herein. Petitioner and his former wife, Marionetta L. Cooper, filed joint Federal income tax returns for 1970 and 1971. Petitioner's former wife filed separate tax returns as married filing separately during the years 1972 through 1976, inclusively. During 1972 through 1976, petitioner was employed and received compensation from his employers in the following amounts: Year
Employer
Compensation
1972
Continental Bus Systems, Inc.
$9,708.17
1973
Swift News Agency
6,407.00
1974
Swift News Agency
6,535.00
1975
Swift News Agency
3,650.00
Martin's M & M Truck Stop
3,067.07
Frederick's Restaurant Supply
434.83
1976
Frederick's Restaurant Supply
5,404.57
Halliburton Company
3,199.75
Petitioner received from each of his employers throughout the years in issue either a Form 1099 or a Form W-2 indicating the *360 amount of compensation earned during the taxable year. During 1973, petitioner timely mailed to respondent a Form 1040 for his 1972 taxable year on which petitioner listed his name, address, social security number, and occupation. On this form petitioner reported his income as "Estimated income is twenty-five real legal dollars (silver coin)." All of the remaining lines on the form were left blank and petitioner declared, under penalties of perjury, that the return was true, correct, and complete. Petitioner signed and timely mailed to respondent a similar form for each of the remaining years in issue: for 1973 petitioner, on a Form 1040, reported his income as "Estimated income is five real legal dollars (silver coin)"; for 1974 petitioner, on Form 1040, reported interest income in the amount of $40.97; and for 1975 petitioner, on a Form 1040A, reported his income as "Estimated income was four real legal dollars (silver coin)." For his 1976 taxable year, on a Form 1040A, petitioner reported income of $3,199.75 from Halliburton Company from which $386.41 was withheld, and petitioner requested a refund for overpayment of taxes in the amount of $214.41. With the exception of income *361 earned from Halliburton Company, petitioner's employers did not withhold any Federal income tax from petitioner's earnings during any of the years in issue. On January 6, 1975, petitioner submitted to his employer, Swift News Agency, a Form W-4 upon which he claimed 52 allowances. When questioned about his claim for 52 allowances by a special agent from the Internal Revenue Service, petitioner informed the agent that he claimed the allowances to avoid withholding for "personal reasons." On February 24, 1976, petitioner filed another Form W-4 with his employer, Frederick's Restaurant Supply, on which petitioner claimed 14 allowances. On petitioner's purported tax returns for 1972, 1973, 1974, and 1975 petitioner did not attach the wage and tax statements that he received from his employers to the forms he sent respondent, and petitioner failed to report taxable income in the respective amounts of $9,683.17, $6,402.00, $6,535.00, and $7,147.90. By letter dated July 2, 1976, respondent notified petitioner that his 1975 U.S. Income Tax Return was not acceptable because it failed to contain necessary information as required by law. Petitioner mailed respondent a second Form 1040A *362 for 1975 on which petitioner again showed his income as "Estimated income was four (4) real legal dollars (silver coin)," and again petitioner failed to report $7,147.90 of income earned during that year. On his 1976 Federal income tax return petitioner only reported income earned from Halliburton Company in the amount of $3,199.75 because "Halliburton Company refused to accept a W-4 form that I submitted to them and dictated to me how I would fill out my W-4 form * * * with my other financial straits at the time I felt compelled to go along with that and I filed the return * * * and, therefore, I was entitled to get something back of what had been withheld by the company from my paycheck and for that reason I filed on that amount." On his 1976 return, petitioner failed to report $5,404.57 in wages earned during 1976 from Frederick's Restaurant Supply. On April 12, 1979, petitioner was indicted and charged with violating section 7206(1) for the years 1974 and 1976, and section 7203 for the year 1975. On August 17, 1979, petitioner was convicted for the years 1974, 1975, and 1976 as charged in the indictment. ULTIMATE FINDINGS OF FACT Petitioner had income of $9,683.17, $6402.00, *363 $6,535.00, $7,147.90, and $5,404.57, which he failed to report for the years 1972, 1973, 1974, 1975, and 1976, respectively. For each of the years in issue, petitioner had an underpayment of income tax required to be shown on his return and some part of such underpayment for each year was due to fraud. OPINION Issue 1: Statute of Limitations
Petitioner asserts that the statute of limitations bars assessment and collection of the deficiencies for his 1972 and 1973 taxable years. On the other hand, respondent maintains that the "protester-type" Forms 1040 which petitioner filed during 1972 and 1973 are not valid returns and do not activate the three-year statute of limitations as provided by section 6501(a). Forms such as those filed by petitioner during 1972 and 1973, which do not contain any information pertinent to the computation of income and deductions, do not constitute returns. United States v. Daly,481 F. 2d 28, 29 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,426 F. 2d 519, 523 (10th Cir. 1970), *364 cert. denied 400 U.S. 824 (1970); see also sec. 6011; sec. 1.6011-1(b), Income Tax Regs. If no valid returns are filed, tax may be assessed at any time. Sec. 6501(c)(3); see Edwards v. Commissioner,680 F. 2d 1268, 1269-1270 (9th Cir. 1982). Accordingly, the statute of limitations does not bar assessment and collection of the deficiencies determined by respondent for petitioner's 1972 and 1973 taxable years. Issues 2 and 3: Unreported Income and Self-Employment Tax
Respondent's determination of the deficiencies are presumptively correct, and petitioner bears the burden of proving that respondent erred in his determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. In the instant case, petitioner has offered no evidence or credible argument that respondent erred in calculating petitioner's taxable income during each of the years in issue. Moreover, respondent has provided ample proof that petitioner received wages as set forth in the findings of fact from *365 each employer during each year in issue. Petitioner's sole argument is that wages paid in Federal Reserve Notes do not constitute taxable income. This contention is patently frivolous and warrants no further discussion. Rowlee v. Commissioner,80 T.C. 1111, 1125 (1983), appeal dismissed nolle pros. (2d Cir., March 23, 1984); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F. 2d 1234 (9th Cir. 1983). Accordingly, respondent's determination of the deficiencies for each of the years in issue is sustained. Similarly, petitioner presented no evidence as to why he should be exempt from the self-employment tax pursuant to section 1401, et. seq. Therefore, we hold for respondent on this issue as well. Welch v. Helvering,supra;Rule 142, Tax Court Rules of Practice and Procedure.
Issue 4: Sec. 6653(b), Addition to Tax
Respondent asserts that petitioner is liable for the fraud addition to tax under section 6653(b) for each of the years in issue. Respondent has the burden of proving fraud for each year *366 that it is alleged by clear and convincing evidence. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. The taxpayer must have been shown to have acted with the specific intent to evade a tax believed to be owed by conduct intended to conceal, mislead, or otherwise prevent collection thereof. Stoltzfus v. United States,398 F. 2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F. 2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 112-113 (1956). Since direct evidence of fraud is seldom available, respondent may meet his burden of proof through circumstantial evidence. Nicholas v. Commissioner,70 T.C. 1057, 1065 (1978). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 191 (1976), affd. without published opinion 578 F. 2d 1383 (8th Cir. 1978). Although the failure of a taxpayer to file returns over an extended period of time is, in and of itself, insufficient to justify the imposition of the fraud addition, it *367 is persuasive evidence of an intent to defraud the Government. Stoltzfus v. United States,supra at 1005. Respondent has clearly established that petitioner earned compensation from various employers in the amounts set forth in our findings of fact. Respondent has also established that petitioner received a statement indicating the amount of compensation earned from each employer during the years in issue. For the years 1972 through 1975, however, petitioner failed to attach his earning statements to the Forms 1040 and 1040A filed with the Internal Revenue Service, and he understated his income by over 99 percent. Moreover, because these forms did not contain sufficient information from which respondent could calculate petitioner's income tax, they did not constitute valid income tax returns. Reiff v. Commissioner,77 T.C. 1169, 1177-1179 (1981). Although in 1976, petitioner reported income earned from Halliburton Company in the amount of $3,199.75, he did so because the employer refused to stop withholding on his wages. During that year, petitioner earned an additional $5,404.57 from Frederick's Restaurant Supply which he omitted from *368 his 1976 return. Undoubtedly, petitioner failed to report those earnings because his employer, pursuant to petitioner's request, did not withhold income tax from his wages. Throughout the years in issue, petitioner consistently failed to report wages from which no withholding taxes had been deducted. Petitioner's pattern of grossly understating his income on the Forms 1040 and 1040A filed with respondent is strong evidence of his fraudulent intent. See Hargis v. Godwin,221 F. 2d 486 (8th Cir. 1955); Webb v. Commissioner,394 F. 2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. Petitioner's intent to evade taxes is further evidenced by the fact that the forms petitioner filed with respondent failed to provide respondent with any indication as to where he could search for the necessary information from which petitioner's tax could be calculated. [2] Moreover, when wanred by respondent that the Form 1040A filed for petitioner's 1975 taxable year was unacceptable because it contained insufficient information, petitioner filed a second substantially identical document which also omitted all information necessary to calculate petitioner's *369 tax. [3]
Respondent has also established that petitioner filed false and fraudulent withholding certificates by filing Forms W-4 which grossly overstated the amount of allowable exemptions. Through manipulation of the withholding system, petitioner attempted to avoid the payment of income taxes that he understood he was obligated to pay. Submission of such false documents is further evidence of petitioner's fraudulent intent. See Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982). We are not persuaded by petitioner's ludicrous arguments that he sincerely believed that wages paid in Federal Reserve Notes are not subject to Federal income tax. Apparently, throughout the years in issue, petitioner had no problem spending the Federal Reserve Notes that he saved, from not paying income taxes, on personal goods and services. We are not convinced that petitioner's actions are attributable to ignorance or a mistake of fact. After having observed petitioner's demeanor at trial, we find him to be an intelligent, knowledgeable *370 individual, who understood his obligation to file tax returns and pay taxes, as shown by his filing of joint tax returns and payment of taxes for 1970 and 1971. We believe petitioner's actions are attributable to a deliberate attempt to evade the payment of Federal income tax. Accordingly, we hold that respondent has established, by clear and convincing evidence, that petitioner is liable for the fraud addition to tax for each of the years in issue. To reflect the foregoing, Decision will be entered for the restpondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. See Puta v. Commissioner,T.C. Memo. 1984-227↩. 3. See Wagner v. Commissioner,T.C. Memo. 1984-245↩.